## WOODSMALL *v.* STATE OF INDIANA.

[No. 22,546. Filed May 14, 1914.]

1. CRIMINAL LAW.—*Special Judge.—Tenure.*—Under §2075 Burns 1914, Acts 1905 p. 584, §204, providing that a special judge in a criminal cause "shall have power to hear and determine such cause until the same is finally disposed of", such special judge has exclusive control and jurisdiction until the cause is finally disposed of according to law, so that on reversal of the judgment in a trial before him because the offense was defectively charged, his authority is not limited to a compliance with the mandate in the judgment of reversal, but continues after the filing of an affidavit correctly charging the offense, since the filing of such affidavit is not the commencement of a new cause, but is the same cause properly charged. p. 616.

2. CRIMINAL LAW.—*Affidavit.—Sufficiency.*—An affidavit charging the commission of a public offense is not fatally defective because an element of the charge is not alleged with nice exactness, if it fairly appears from the language used. p. 617.

3. CRIMINAL LAW.—*Separate Trial of Codefendants.—Application by Prosecution.*—Although §237 Burns 1914, §237 R. S. 1881, had the effect to abolish common-law crimes, it neither excludes common law procedure in criminal causes, nor prevents resort to common law practice in matters not covered by statute, so that the common law rule that separate trials of persons jointly indicted may be had on demand of the prosecution remains and is unaffected by §2135 Burns 1914, Acts 1905 p. 584 §259, providing for separate trials in certain cases at the instance of a defendant. p. 617.

4. JUDGES.—*Change of Judge.—Refusal to Grant Change.*—A proper application for a change of judge, filed in time, must be granted, and a refusal will be deemed prejudicial error on appeal in the absence of a contrary showing. p. 618.

5. JUDGES.— *Change of Judge After Reversal.— Statutes.*— Under §423 Burns 1914, Acts 1907 p. 85, providing that after a judgment has been reversed on appeal and the cause remanded for a new trial, either party is entitled to a change of venue from the

judge before whom the case is pending, notwithstanding any changes theretofore taken, upon filing an affidavit that a fair trial cannot be had because of the bias or prejudice of the judge, the granting of a change of judge is mandatory where a proper application is timely filed.  p. 619.

6.  CRIMINAL LAW.—*Change of Judge After Reversal.—Statutes.*—Neither the language of §423 Burns 1914, Acts 1907 p. 85, providing that after a judgment is reversed on appeal and the cause remanded for a new trial a change of venue from the judge may be had, etc., nor the title of the act, discloses an intention on the part of the legislature to limit application of the act to civil causes, and since words and phrases in a statute are to be taken in their plain, ordinary and usual sense, unless to do so would be plainly repugnant to the legislative intent or the context of the statute, the act must be held to apply to criminal as well as civil actions.  p. 619.

7.  CONSTITUTIONAL LAW.—*Legislative Power.—Special Judges.*—Under §10, Art. 7, of the Constitution, the legislature has authority to provide by statute for special judges.  p. 620.

From Sullivan Circuit Court; *William R. Nesbit,* Special Judge.

Prosecution by the State of Indiana against Samuel W. Woodsmall.  From a judgment of conviction, the defendant appeals.  *Reversed.*

*Charles D. Hunt, Gilbert W. Gambill* and *Walter F. Wood,* for appellant.

*Thomas M. Honan,* Attorney-General and *Thomas H. Branaman,* for the State.

Cox, J.—Appellant, together with two others, was prosecuted by affidavit for conspiracy to commit the felony of obtaining money by false pretense.  He was tried, found guilty and sentenced to serve an indeterminate term of from one to fourteen years imprisonment.  From that judgment he appeals.  This is the second conviction of appellant of the offense charged and his second appeal.  *Woodsmall* v. *State* (1913), 179 Ind. 697, 102 N. E. 130.  The indictment in the first trial failed to aver that the pretense alleged was false.  Appellant filed a timely motion in arrest

of judgment on the ground that the facts stated in the indictment did not constitute a public offense. The trial court overruled the motion and on this ruling the cause was reversed on the ground that the omission of the averment of the falsity of the pretense rendered the indictment insufficient.

The first trial of appellant was conducted before a special judge and when the action of this court was certified back to the lower court, this special judge assumed jurisdiction of the case, obeyed the mandate of this court by sustaining appellant's motion in arrest of judgment, and, upon the request of the prosecuting attorney, ordered appellant held for the presentation of a proper charge against him. The special judge retained jurisdiction and presided in the case throughout all of the subsequent proceedings leading up to and including the rendition of the judgment now appealed from. In due time the affidavit, on which the judgment now appealed from rests, was filed and contained allegations intended to cure the defect found by this court in the indictment. Appellant filed written objections to the special judge retaining jurisdiction over the case in all of the proceedings subsequent to sustaining the motion in arrest as ordered by this court, and to his presiding at the second trial. He also filed an affidavit for a change of judge on account of the alleged bias and prejudice of the special judge against him. Following this he filed a motion to quash the affidavit. One of the defendants named in the affidavit demanded a separate trial and the prosecuting attorney elected to try appellant first and separately which the court permitted over appellant's objection. In all of these matters, the action of the court was adverse to appellant and, it is contended, was in each particular reversible error.

We find no difficulty in denying a reversal of the cause on any of these alleged errors except the action of the court

in denying appellant's application for a change of judge. That provision of the criminal code which authorizes the appointment of a special judge for criminal trials, provides that "he shall have power to hear and determine such cause until the same is finally disposed of." §2075 Burns 1914, Acts 1905 p. 584, §204. Where a special judge is called in a case, it, with all of its incidents from the beginning to the end, passes under the exclusive control and jurisdiction of the special judge, subject to revert to the control of the regular judge in the event that the special judge becomes incapacitated or refuses to act. *Perkins* v. *Hayward* (1890), 124 Ind. 445, 24 N. E. 1033; *Mayer* v. *Haggerty* (1894), 138 Ind. 628, 38 N. E. 42; 11 Ency. Pl. and Pr. 794; 23 Cyc. 611. The provision of §2075, *supra,* must be taken to mean until the case is finally disposed of according to law. This court held on the former appeal that this had not been done and the cause was sent back for further proceedings. Counsel for appellant concede that the special judge was still rightfully acting in the cause when he sustained the motion in arrest in obedience to the mandate of this court; but, they contend that thereafter, when the affidavit was filed which supplied what this court had held was necessary to make a good charge of the offense for which appellant was being prosecuted, a new cause was instituted. We cannot concede appellant's position. In so far as the provision of §2075, *supra,* is concerned, it was the same cause properly charged. *Barrett* v. *State* (1911), 175 Ind. 112, 93 N. E. 543. The criminal code provides that when judgment is arrested in any case, and there is reasonable ground to believe that the defendant can be convicted if properly charged, the court may order him recommitted or admitted to bail anew, to answer a new indictment or affidavit. §2160 Burns 1914, Acts 1905 p. 584, §284. It has been held in a state with a provision for a special judge similar to that in §2075, *supra,* that the special judge retains jurisdiction after a

1.

reversal by the Supreme Court. *State* v. *Hays* (1885), 88 Mo. 344; *State* v. *Sneed* (1887), 91 Mo. 552, 4 S. W. 411; 23 Cyc. 615.

Counsel for appellant contend that the affidavit upon which he was convicted is fatally defective because it does not show that the defendants jointly named con-

2. spired to do the acts charged as constituting the offense of false pretense. While the connection is not made with nice exactness by the allegations, we think it fairly appears from the language used.

Appellant's claim of error in permitting his trial separately from those jointly charged with him is urged on the grounds that the prosecuting attorney informed the

3. court that one of appellant's codefendants desired a separate trial and that the separate trial of appellant was awarded on the demand of the prosecutor, and not a defendant. From this it is urged that, as crimes are wholly statutory in this State and that the statute (§2135 Burns 1914, Acts 1905 p. 584, §259), provides only for separate trials at the instance of a defendant and not the State, the court erred in granting a separate trial of appellant over his objection. In 1852 the General Assembly declared certain principles of the common law to be a part of the law governing this State. 1 R. S. 1852 p. 351, §1, §236 Burns 1914, §236 R. S. 1881. By §2 of the same act (§237 Burns 1914, §237 R. S. 1881), an exception to this general adoption of the common law was made by the declaration that "crimes and misdemeanors shall be defined and punishment therefor be fixed by statutes of this State and not otherwise." This exception has continued in force uninterruptedly and by reason of it no common law crimes, punishable as such, exist in the State and cannot without the repeal of §237, *supra*. *Sopher* v. *State* (1907), 169 Ind. 177, 81 N. E. 913, 14 L. R. A. (N. S.) 172, 14 Ann. Cas. 27. But it has never been considered that the declaration, that all crimes and misdemeanors shall be defined and

their punishment fixed by statute, excluded all details of common law procedure in the trial and prevented a resort to common law practice in matters not covered by statute. *Sanders* v. *State* (1882), 85 Ind. 318, 44 Am. Rep. 29; *Shular* v. *State* (1886), 105 Ind. 289, 4 N. E. 870, 55 Am. Rep. 211. In the case last cited it was said: "It is a mistake to suppose that one jointly indicted with another has a right to a joint trial; on the contrary, at common law the prosecution might demand separate trials, and under our statute any defendant may demand that a separate trial be awarded him. The court, when justice requires it, may suggest in express words the propriety of separate trials." See, also, *Jones* v. *State* (1899), 152 Ind. 318, 53 N. E. 222; 12 Cyc. 506.

With great reluctance we are forced to the conclusion that the denial of appellant's application for a change of venue from the special judge was error for which a reversal of the cause must be ordered. It was in proper form and, as it was made in June and the cause was thereafter set for trial at the ensuing September term, no reasonable rule of the trial court could have justified the denial of the change on the ground that the application was not timely made. The rule has been unbroken that, on a proper application, the judge to whom it is addressed has no discretion and that a change of judge must be granted. *Manley* v. *State* (1875), 52 Ind. 215; *Fisk* v. *Patriot, etc., Turnpike Co.* (1876), 54 Ind. 479; *Burket* v. *Holman* (1885), 104 Ind. 6, 3 N. E. 406; *Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E. 943; 92 N. E. 161. A refusal to grant the change will be deemed prejudicial error on appeal in the absence of a contrary showing. *Stockton* v. *Ham* (1913), 180 Ind. 628, 102 N. E. 378.

Under the law as it existed prior to 1907, a defendant was entitled to but one change of judge on the ground of bias and prejudice for the reason that the statute did not authorize a second change. *Line* v. *State* (1875), 51 Ind.

172; *Duggins* v. *State* (1879), 66 Ind. 350.  In the year named, however, the General Assembly passed an act entitled, "An Act providing for changes of venue in all cases where judgments have been reversed in the supreme or appellate courts, and causes remanded for new trials."  The act provided, "That in every case where an appeal to the appellate or supreme courts of the State of Indiana has been taken from a judgment rendered against any party, and such judgment is reversed and said cause is remanded for a new trial, either party in said cause shall be entitled to a change of venue from the judge before whom said cause is pending, notwithstanding any changes of venue theretofore taken, upon filing an affidavit stating that such party cannot have a fair trial of said cause before said judge, because of bias or prejudice on the part of said judge before whom said cause is pending, and said judge shall grant said change and it shall be unlawful for any judge so challenged to appoint in such case as special judge any relative by blood or marriage of said judge."  Acts 1907 p. 85, §423 Burns 1914.

Under this statute, appellant urges that his right to a second change was as certain and positive as to the first. In opposition the Attorney-General contends, and this is the view, we are informed, that the trial judge took:  (1) That the statute applies to civil and not to criminal causes; (2) that it is unconstitutional.  The provisions of the statutes are just as mandatory as that which awards a change of judge in the first instance and appellant's claim must be upheld if neither of the Attorney-General's contentions can be sustained.  The words of the enactment, both the title and the purview, are simple and clear and contain no hint of an intention on the part of the legislature to limit its application to civil causes. The statement in the title that it is a provision "for changes of venue in all cases where judgments have been reversed" is emphasized by that in the purview "that in every case"

where an appeal has been taken and the judgment has been reversed either party shall be entitled to a change of venue from the judge before whom the cause is pending, notwithstanding any changes of venue theretofore taken. There is no ambiguity and there is therefore no room for judicial construction. The rule is that words and phrases in a statute shall be taken in their plain, ordinary, and usual sense unless to do so would be plainly repugnant to the intent of the legislature or the context of the same statute. §240 Burns 1914, §240 R. S. 1881.

In some jurisdictions, it has been held that a judge may not delegate his authority to try a cause, to another and that the legislature does not possess the power to authorize him to do so. But it was so held on the ground that the constitutions of such states then provided specifically how those invested with judicial authority should be selected, and contained no provision for special judges. *Winchester* v. *Ayres* (1853), 4 Greene (Ia.) 104; *State* v. *Phillips* (1875), 27 La. Ann. 663; *Hoagland* v. *Creed* (1876), 81 Ill. 506; *Andrews* v. *Beck* (1859), 23 Tex. 455; Cooley, Const. Lim. (7th ed.) 589. Our Constitution does contain a provision that the legislature may provide by law for special judges. Constitution, Art. 7, §10. And the constitutional authority of the legislature in the matter has long been declared by this court. *Starry* v. *Winning* (1855), 7 Ind. 311; *Feaster* v. *Woodfill* (1864), 23 Ind. 493; *Brown* v. *Buzan* (1865), 24 Ind. 194; *State* v. *Dufour* (1878), 63 Ind. 567; *Perkins* v. *Hayward* (1890), 124 Ind. 445, 24 N. E. 1033; *Shugart* v. *Miles* (1890), 125 Ind. 445, 25 N. E. 551. In *Cargar* v. *Fee* (1889), 119 Ind. 536, 21 N. E. 1080, and in *Smith* v. *State* (1896), 145 Ind. 176, 42 N. E. 1019, it was held that one special judge could not appoint another one. But at that time there was no statute in existence purporting to grant authority so to do.

Judgment reversed with instructions to grant appellant

a new trial and for further proceedings not inconsistent
with this opinion.

Morris, C. J., dissents.

## DISSENTING OPINION.

MORRIS, J.—I cannot concur in the majority opinion.  In
my judgment the act of 1907 (Acts 1907 p. 85, §423 Burns
1914) has no application to criminal causes; even if it does,
appellant's second affidavit for a change of judge was not
allowable under its provisions.  It is only where a "judg-
ment is reversed and the *cause is remanded for a new trial*"
that a second change is permissible.  On the former appeal
(*Woodsmall* v. *State* [1913], 179 Ind. 697, 102 N. E. 130)
the only question presented related to the validity of the
indictment, which was held, by this court, to be insufficient.
No new trial was ordered.  The statute confers the right to
a second change, not merely on the reversal of the former
judgment, but when, in addition, a new trial has been
ordered.  No part of the act should be overlooked in inter-
preting it.  This is especially true where the reason of the
statutory requirement is apparent.  The act grants the right
to a change only for bias or prejudice of the presiding
judge.  The bias or prejudice contemplated must be for or
against a party personally, and not his cause of action or
defense.  *Hays* v. *Morgan* (1882), 87 Ind. 231; 4 Ency. Pl.
and Pr. 408; 40 Cyc. 133.  It is not conceivable that a judge
should be prejudiced against the law.  In ruling on de-
murrers, motions to quash, and the like, he exercises no
discretion and his interpretation of the law could scarcely
be affected by prejudice.  By the language of the statute,
the second change can be granted only where the mandate
of reversal includes the granting of a new trial, and there
is no sufficient reason, in my judgment, for concluding that
it was intended by the legislature to cause the expense and
delay occasioned by a change of judge when the former

judgment was reversed for only an erroneous ruling on a challenge of the sufficiency of a pleading. If the clause relating to a new trial were eliminated from the act, I would still be of the opinion that the statute was not intended to apply to criminal cases. The legislature of 1852 adopted a code of civil procedure and also a criminal one. These codes have continued separate and distinct, and there has been no substantial commingling of their provisions. *Maloney* v. *Newton* (1882), 85 Ind. 565, 568, 44 Am. Rep. 46. At the session of 1905, the legislature enacted a provision of our criminal code, prepared by a commission appointed in 1903. §§1866-2232 inclusive Burns 1914, Acts 1905 p. 584. The act repealed all laws within its purview.

We find in the civil code, previous to the act of 1907, provisions for a change of judge, applicable to both parties. §422 Burns 1914, §412 R. S. 1881. We find in the criminal code, provisions for a change, but applicable to the defendant only. §2074 Burns 1914, Acts 1905 p. 584, §203. I do not doubt the power of the legislature to enact rules of procedure applicable alike to criminal and civil causes, but I do question the legislative intent to depart from the general policy pursued since 1852 of keeping the rules of procedure in civil cases separate from those in criminal ones. But a stronger reason for concluding that the act was not intended to apply to criminal cases is discerned in the fact that while its provisions fit in with the former ones of the civil code, in regard to a change of judge, they do not adjust themselves to the change of judge provisions of the criminal code. The language of the act implies that either party may have secured a change of judge, for bias or prejudice, before the first hearing, but this was not possible to the State, under the provisions of the criminal code. Neither Indiana nor any other state, to my knowledge, has ever granted to the prosecution in a criminal action the right to demand a change of judge because of his bias or prejudice. While a judge might be prejudiced against a defendant, it

is impossible of comprehension that he should be prejudiced against the State, yet this statute uses the general term *"bias or prejudice,"* and, if applicable to criminal actions, it must be held that, after a judgment has been reversed, the prosecuting attorney may demand a change of judge because of his prejudice against the State of Indiana.   This right, however, cannot obtain until after a judgment had been reversed, because, under the provisions of the criminal code, no such right exists.    §2074 Burns 1914, *supra.*

In my opinion the trial court properly overruled appellant's motion for a second change of judge, and the judgment should be affirmed.

NOTE.—Reported in 105 N. E. 155, 899.  See, also, under (2) 12 Cyc. 292; (4) 23 Cyc: 602, 606; 12 Cyc. 245; (5) 23 Cyc. 607; (6) 23 Cyc. 607; 12 Cyc. 245; (7) 23 Cyc. 601; 8 Cyc. 806.