## O'MALIA *v*. STATE OF INDIANA.

[No. 25,950. Filed October 31, 1934.]

*Gavit, Hall, Smith & Gavit,* for appellant.

*James M. Ogden,* Attorney-General, and *George W. Hufsmith* and *Merl M. Wall,* Assistant Attorneys-General, for the State.

FANSLER, J.—Appellant was convicted of conspiring to import persons who were not legal voters to vote at the primary election in 1930. He was sentenced to pay a fine in the sum of $1,000.00, and to be imprisoned for a period of not less than two nor more than fourteen years. Pending this appeal he was admitted to bail, and has since died. Therefore, the only part of the judgment of the lower court which would be enforceable if this action were affirmed would be the fine of $1,000.00, for which his bondsmen are answerable.

The first error presented is based upon the action of the court in overruling appellant's motion for a change of venue from the judge. This motion was overruled upon the theory that it was not timely filed under the statute, §2235, Burns Supp. 1929, §9-1301, Burns 1933, §2222, Baldwin's 1934, which provides that an affidavit for a change of venue from the judge must be filed at least ten days before the day on which the cause has been assigned for trial. The court in its order overruling the motion recites that on June 20, 1930, the cause was regularly set for trial for the 30th day of June, 1930, but there is no order book entry or court record from which it appeared that the cause had been assigned for trial.

Appellant contends that courts speak only by their records, and he calls attention to §433, Burns 1926, §2-1106, Burns 1933, §182, Baldwin's 1934, which provides:

> "The circuit judges of this state shall have power, and it is hereby made their duty, by proper order, to arrange and regulate the order of business in their respective circuits; and, in making such order, they shall provide . . . For the trial of criminal cases. . . ."

He contends that setting a cause for trial is a judicial act which must be performed by the court, and not the judge, and that there can be no setting that will bind the parties unless it is entered on the records of the court. Appellee seems to acquiesce in this contention, or at least it makes no contention to the contrary, and it is conceded that there was no order on the order book of the court assigning the cause for trial. In order to obviate the error, appellee, after judgment and appeal, sought to supply a record in the court below by a *nunc pro tunc* entry, showing that on June 20, 1930, this cause was assigned for trial for June 30th. On the hearing of the motion for the *nunc pro tunc* entry there was introduced in evidence a rule of court which provided for a general setting of cases on the first Mondays of January, April, July, and October, and that these settings might be supplemented by re-settings from time to time, and providing that the prosecuting attorney shall file lists of such settings in the clerk's office, and that the clerk shall post such settings in conspicuous places.

There was also introduced in evidence what is called a "trial call," listing cases for trial on various dates, beginning June 30th, and upon this call this case is listed. The call does not purport to be signed by any one, but does purport to be a list of cases set for trial in the Lake criminal court for the January Term, 1930. There was evidence that on June 20th the judge orally directed the prosecuting attorney to prepare a trial call of criminal cases for the week commencing Monday, June 30th; that the prosecutor prepared the call, which was introduced in evidence, and that it was approved by the judge, although it does not appear whether this approval was in writing or merely oral. It was delivered to a printing company to be printed. On the next day, June 21st, a large number of copies were printed.

Copies were mailed to the attorneys of the county, and one posted in the office of the clerk. The original of the call does not seem to have been offered in evidence. The copy offered was evidently one that was printed on June 21st. Upon this evidence the court ordered an entry to be made in the order book of the court *nunc pro tunc,* showing that on June 20, 1930, this cause had been assigned for trial for June 30th.

A court speaks only by its record, and court orders are only such as appear on the record, or were at the time they were made intended to appear on the record. If an order, properly made, is by inadvertence omitted from the record, the record may be supplied by an entry *nunc pro tunc,* but to justify such an entry some written memorandum or memorial must exist in the records of the court contemporaneous with or preceding the date of the alleged action. But here it does not appear that the setting of this case for trial was ever intended to appear on the order book as an order of the court, and, since the judge at the time he approved the memorandum, did not intend that it should be an order of court appearing upon the order book, it cannot be made to appear upon the order book as an order by a proceeding after the term.

The affidavit for a change of venue from the judge was sufficient under the statute. To deny the change was error, prejudicial to appellant's substantial rights. Since the cause must be reversed for this error, and will not be retried, it is unnecessary to consider the other questions presented.

Judgment reversed as of the date of submission.