WARE *v.* STATE OF INDIANA.

[No. 30,203. Filed April 24, 1963.]

---

*Sam Blum* and *Saul Rabb*, both of Indianapolis, for appellant.

*Edwin K. Steers*, Attorney General and *Donald L. Adams*, Deputy Attorney General, for appellee.

ACHOR, J.—Appellant and one Allen R. Dixon were jointly charged with the crime of second degree burglary in the Shelby Circuit Court. On motion of the defendant Dixon, the cause was continued as to him; and the cause was submitted to the court for trial without a jury as to the appellant only on June 23, 1961. At the conclusion of the evidence, on the same day, the appellant was found guilty of second degree burglary and sentenced to imprisonment in the Indiana State Prison for a period of not less than

two nor more than five years, and judgment was entered accordingly. Thereafter, on the same date, an order of commitment was entered, which, after setting forth the facts in the judgment, contained the following provision:

"The Court further finds that by reason of the character of said defendant, and the facts and circumstances surrounding the commission of said crime, the interest of society does not demand or require that the defendant shall suffer the penalty imposed by law, if he shall hereafter behave well. It is therefore ordered by the Court that the execution of the sentence herein imposed be suspended during the defendant's good behavior, and that he be permitted to go at liberty on probation so long as he behaves well."

*First*: Appellant assigns and here argues as error, that the court erred in submitting this cause for trial as to this defendant [appellant] only without first formally ruling upon a motion that the defendants be tried separately. Appellant asserts that since no motion was filed asking that the defendants be tried separately, it was error for the court to so try appellant. The contention is without merit. The statute specifically provides:

"When two (2) or more defendants are jointly charged with any offense, whether a felony or misdemeanor, they shall be tried jointly, unless the court, in its discretion, on the motion of the prosecuting attorney, or of any defendant, *or on its own motion*, orders separate trials. ..." [Our italics.] Acts 1935, ch. 92, §1, p. 286, being §9-1804, Burns' 1956 Repl.

The trial court has wide discretion in the matter of granting separate trials to co-defendants in a criminal charge. Since the record clearly indicates a determination on the part of the court that the defendants be tried separately, the

absence of a formal entry to the effect was a mere technicality. There is nothing in this record which indicates that the trial judge in any way abused his discretion in conducting the trial of the appellant separate from his co-defendant or that this appellant was in anywise prejudiced thereby.

*Second*: Appellant contends that the evidence was not sufficient as to the identification of the appellant. The conviction of appellant was based on the identification by a witness, Darlene Robins, daughter-in-law of the owner of the burglarized TV and appliance store, who observed appellant in the storeroom, at about 9:30 P.M., through a large plate glass window, for a period of approximately thirty seconds, at a distance of 25 to 30 feet. At the time, he was standing under a bright light reaching for a transistor radio. She described him as being a man, wearing a windbreaker jacket, about five feet 11 inches tall, with long wavy light brown hair, and without glasses. The witness identified appellant about three hours later at police headquarters, and at the time of the trial was positive of her identification of him.

Appellant makes much of the fact that David C. Robins, owner of the business who also saw him in his store, could not identify him. However, the owner's observation came only after his being summoned by his daughter-in-law and this was at the time the burglar was crawling away from them between the radio and television sets toward the rear of the store, where he had gained entrance by breaking a window. The owner did not see appellant's face and, therefore, obviously could not identify appellant. We cannot say the evidence identifying the appellant as the burglar was not sufficient.

*Third*: Appellant asserts that the court committed error in sentencing appellant and committing him to the sheriff for the execution of the judgment without first requiring and receiving a precommitment investigation report, as required by Acts 1959, ch. 264, §2, p. 632, being §9-2252, Burns' 1962 Cum. Supp. For this reason appellant asserts that the judgment was erroneously entered. The statute provides:

"No defendant convicted of a felony shall be committed by any criminal court of record before a written precommitment investigation report, prepared by a probation officer, is presented to and considered by the sentencing court. ... If a defendant is thereafter committed to any penal and correctional institution the investigating agency shall send a written report of its precommitment investigation to the penal institution at the time of commitment."

The provision of the above statute is mandatory. Failure of the trial court to comply with its terms is, therefore, under the facts of this case, a proper cause for redress to this court. The order of commitment made, without such precommitment investigation and report, must be vacated.

*Four*: Appellant asserts and here argues as error the fact that the judge of the Shelby Circuit Court, on February 15, 1962, entered a nunc pro tunc entry in the cause modifying the order of commitment by striking therefrom the provision which suspended the order of commitment. Appellant asserts that this act constituted reversible error for three reasons: First, because the Shelby Circuit Court had lost jurisdiction in the case by reason of the fact that jurisdiction in all criminal cases had been transferred to the Shelby Superior Court on July 1, 1961, by an act of

the legislature creating the Shelby Superior Court and defining its jurisdiction; secondly, because the entry was made without any prior notice upon the appellant and was made in his absence, and, third, because there was no written memorandum or memorial of record upon which to sustain the action of the court in making the nunc pro tunc entry.

It is not necessary for us to decide the question presented with respect to the making of the nunc pro tunc entry because, as heretofore stated, the original order of commitment made by the court without a precommitment investigation was improvident and, therefore, it being the first error properly assigned is cause for appeal, all orders thereafter made, including the nunc pro tunc entry, are nullified.

The cause is, therefore, remanded to the Shelby Circuit Court[1] with instructions for the judge thereof to vacate the judgment and order of commitment and the nunc pro tunc entry thereafter made modifying said order of commitment, and thereupon to proceed in the cause in a manner consistent with this opinion.[2]

Arterburn, Landis and Myers, JJ., concur.

Jackson, C. J., dissents with opinion.

1. The statute which provides for the transfer of criminal cases in the Shelby Circuit Court to the Shelby Superior Court excludes from its provision cases in which trial has been commenced and in which final judgment has not been made and entered by the Shelby Circuit Court. Since this case was tried by the Shelby Circuit Court but the judgment improvidently entered, that court retains jurisdiction upon remand of the cause for such proceedings as were necessary preliminary to the entering of the final judgment therein. Acts 1961, ch. 95, §7, p. 182, being §4-4407, Burns' 1962 Cum. Supp.

2. See: *Ritchie* v. *State* (1963), 243 Ind. 614, 189 N. E. 2d 575.

## DISSENTING OPINION

JACKSON, C. J.—This is an appeal from the judgment of the Shelby Circuit Court sentencing the appellant to the Indiana State Prison and also an appeal from the ruling of the Shelby Circuit Court granting a petition for an entry *nunc pro tunc* in proceedings had after the cause had been transferred to the Shelby Superior Court.

Appellant and one Allen R. Dixon were jointly charged in a two count affidavit with the crimes of Second Degree Burglary and Automobile Banditry in the Shelby Circuit Court. On motion of the defendant Dixon, the cause was continued as to him, and was submitted as to the appellant only, to the court for trial without the intervention of a jury on June 23, 1961. At the conclusion of all the evidence, on June 23, 1961, appellant was found guilty of the crime of second degree burglary as charged in count one of the affidavit and not guilty of the crime of automobile banditry as charged in count two of the affidavit. Judgment was entered that appellant be imprisoned in the Indiana State Prison for a period of not less than two years nor more than five years; that he be disfranchised and rendered incapable of holding any office of trust or profit for a period of two years; that he stand committed until the costs in this action are paid or replevied, and the commitment is now ordered.

In view of the issues before this court we set out the commitment herein. Such commitment reads as follows:

```
"STATE OF INDIANA            COMMITMENT
        SS:  The Shelby County Circuit Court
SHELBY COUNTY
             April Term, 1961
             June 23, 1961
```

"TO THE SHERIFF OF SHELBY COUNTY, GREETING:

"BE IT REMEMBERED, that heretofore, to wit: At a term of the Shelby Circuit Court of Shelby County, in the State of Indiana, begun, holden and continued at the Court House in the City of Shelbyville, on the 23rd day of June, 1961, the same being the 65th judicial day of the April Term, A. D., 1961, of the said Circuit Court of Shelby County, before the Honorable Harold G. Barger, sole Judge thereof, the following proceedings were had in the cause of

"THE STATE OF INDIANA
VS          NO. 6945
JAMES G. WARE    CRIME
                    SECOND DEGREE BURGLARY

"Comes now the State of Indiana, by Robert L. Sheaffer, Prosecuting Attorney; comes also the defendant, in person, and by Sam Blum, and the Court finds that the defendant James G. Ware, is—of age, and that said defendant is guilty of the crime charged, namely: Second Degree Burglary:

"It is by the Court, therefore ordered and adjudged that the said defendant for the offense by him committed, to make him fine to the State of Indiana in the penal sum of — Dollars, that He be committed to the custody of the Board of Trustees of the Indiana Reformatory, to be confined by them according to law imprisoned in the Indiana State Prison for a period of not less than 2 years nor more than 5 years, and be disfranchised and rendered incapable of holding any office of trust or profit for a term of 2 years, and that He pay and satisfy the costs and charges herein, taxed as $—.

"The Court further finds that by reason of the character of said defendant, and the facts and circumstances surrounding the commission of said crime, the interest of society does not demand or require that the defendant shall suffer the penalty imposed by law, if he shall hereafter behave well. It is therefore ordered by the Court that the execution of the sentence herein im-

posed be suspended during defendant's good behavior, and that he be permitted to go at liberty on probation so long as he behaves well.

"The Sheriff of said Shelby County is hereby charged with the due execution of the foregoing judgment.

"Harold G. Barger Judge

"STATE OF INDIANA
SS:
SHELBY COUNTY

"I, Herrin H. Brown, Clerk of the Shelby Circuit Court of Shelby County, in the State of Indiana, do hereby certify that the foregoing is a true and complete copy of the judgment of said Court in the above entitled cause, on the day and year first aforesaid, as appears on record in my office.

"IN TESTIMONY WHEREOF, I hereunto subscribe my name, and affix the seal of said Circuit Court of Shelby County, at my office in the City of Shelbyville, this 23rd day of June, 1961.

"(SEAL) Herrin H. Brown, Clerk Circuit Court
of Shelby County
by Dorothy McNeely, Deputy"

At this point we deem it advisable to call attention to the fact that the legislature by Acts 1961, ch. 95, §1, p. 182, being §4-4401, Burns' 1962 Cum. Supp., created the Shelby Superior Court. Said Act was in force July 1, 1961. Said act [Acts 1961, ch. 95, §7, p. 182, being §4-4407, Burns' 1962 Cum. Supp.] granted to the Shelby Superior Court ". . . original exclusive jurisdiction within the county of all crimes and misdemeanors committed therein, . . . ." It provides further, ". . . [a]nd all such matters, together with all books and records thereof, pending in the Shelby Circuit Court shall be transferred to the Shelby Superior Court. Such superior court shall have exclusive jurisdiction in all divorce, separation from bed and board, and annulment matters and causes of

action originating in Shelby County, *and all further proceedings of every nature commenced or had after a final judgment or decree in any of such causes heretofore made and entered by the Shelby Circuit Court.*" (Emphasis supplied.)

Appellant filed his motion for a new trial on July 22, 1961, in the Shelby Circuit Court. On November 10, 1961, appellant's motion for a new trial was overruled by both the Shelby Superior and Circuit Courts, and appellant was granted 90 days to file a Bill of Exceptions.

Appellant's assignment of errors, including his additional assignment, contains ten specifications, the original assignment being:

"1. The court erred in overruling appellant's motion for a new trial.
"2. The court erred in overruling the motion of appellant for discharge made at the close of the case of appellee.
"3. The court erred in overruling the motion of appellant for discharge made at the close of all of the evidence.
"4. The court erred in sentencing the appellant and committing him to the Sheriff for the execution of the judgment herein, without first complying with the laws of the State of Indiana concerning precommitment investigations.
"5. The court erred in not complying with the Precommitment Investigation Procedure of the 1959 Acts Chapter 264 sec. 2 Page 632.
"6. The court erred in committing the appellant without first having had written precommitment investigation report prepared by a probation officer.
"7. The finding of the court is contrary to law."

Appellant's additional assignment of errors is as follows:

"8. The court erred in sustaining appellee's motion to amend and correct the record nunc pro tunc.

"9. The court erred in amending the record by nunc pro tunc proceedings.

"10. The court erred in changing the record and amending the record nunc pro tunc."

For the purpose of this dissent it is not necessary to consider all the specifications assigned, and for that reason we will confine our discussion to those numbered 1, 5, 6, 8, 9, and 10.

Under specification one we will consider appellant's contention that the evidence was not sufficient as to the identification of the appellant.

There was only one witness who identified the appellant or testified as to his being any where in the vicinity of the alleged crime. That witness was Grace Darlene Robins, the daughter-in-law of the owner of the store alleged to have been burglarized by appellant and another. She testified that on August 19, 1960, she was at the home of her father-in-law, adjacent to, and on the east side of the store, about 9:30 in the evening. She left to go to her home, and as she passed the store she saw someone in the big plate glass window. She crossed the drive, took a second look, and saw it wasn't her husband. She testified that there was a big night light in the store and that the intruder was standing directly beneath it, reaching to get a transistor radio, and that he had white gloves on. She noticed the color of the apparel the man had on at that time, but did not remember what the color of the suit was now. He had a jacket on, a windbreaker jacket, but she did not remember the color of the jacket. The man was standing up when she first saw him, he did not have glasses on, was

rather tall, about 5'11", had long wavy, light brown hair. She did not remember the color of the trousers he had on, but testified she described the man and his clothes at that time; that she had two good looks at him at the store, it wasn't probably over a half a minute. Some two and a half or three hours later she was taken to the police station, but no one else was pointed out to her for identification. Mr. Ware was the only one in the room at police headquarters. She further testified she saw the person through the door at police headquarters, and that the door was open when she saw him. There was an officer standing beside her, but she did not remember now who he was. She was at police headquarters about one to three minutes on August 10, 1960. She further testified that she had not seen him since August 1960, but was sure it was the same man. She was told that Ware and his counsel would be in court and that she would have to identify him.

This conviction can only be sustained by holding the testimony of Grace Darlene Robins, uncorroborated in any way, contradicted by the appellant and by the facts in the case, was sufficient to prove the appellant was guilty beyond a reasonable doubt. Under the circumstances here delineated, without weighing the evidence, it seems that the State has failed to here meet the criteria laid down in *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641.

Under specifications five and six appellant asserts that the court committed error in sentencing appellant and committing him to the sheriff, for the execution of the judgment, without first complying with Acts 1959, ch. 264, §2, p. 632, being §9-2252, Burns' 1962 Cum. Supp. The statute provides:

"No defendant convicted of a felony shall be committed by any criminal court of record before a written precommitment investigation report, prepared by a probation officer, is presented to and considered by the sentencing court. Whenever precommitment investigation is required, the probation officer making the investigation shall inquire into the circumstances of the offense and shall make such investigation as is prescribed by the state probation director of the department of correction. All local and state police agencies shall be required to furnish to the probation officer such records as the probation officer may request. Where in the opinion of the sentencing court, or the investigating authority, it is desirable, the precommitment investigation may include a physical and mental examination of the defendant. If a defendant is thereafter committed to any penal and correctional institution the investigating agency shall send a written report of its precommitment investigation to the penal institution at the time of commitment."

I agree with the majority opinion that the above statute is mandatory, if the defendant is in fact committed to a penal and correctional institution. In the instant case the appellant, by the terms of the original judgment, was placed on probation, and the failure to comply with the above statute at most constituted harmless error. When the judge of the Shelby Circuit Court, on February 15, 1962, entered a *nunc pro tunc* entry attempting to strike from the original judgment, the provision which suspended the order of commitment, even had such *nunc pro tunc* entry been proper, the failure to comply with the statute [§9-2252, Burns' 1962 Cum. Supp., *supra*] became prejudicial to the appellant and would constitute reversible error.

Specifications eight, nine and ten may be considered together for the purpose of this dissent. The record discloses that appellant was charged with the com-

mission of the crimes enumerated in the forepart hereof by affidavit filed August 25, 1960; on December 17, 1960, he pleaded not guilty to the charges; trial was had June 23, 1961, to the court and appellant was found guilty of second degree burglary, and sentenced the same day without the court having complied with §9-2252, Burns' 1962 Cum. Supp., *supra*. On July 1, 1961, the new Superior Court with exclusive criminal jurisdiction for Shelby County, Indiana, came into being, and all cases within its jurisdiction were transferred from the Shelby Circuit Court. On July 22, 1961, appellant filed a motion for a new trial in the Shelby Superior Court; on November 10, 1961, appellant's motion for a new trial was overruled by both the Shelby Circuit Court and the Shelby Superior Court. On December 1, 1961, appellant filed praecipe for transcript to appeal to this court; January 15, 1962, the State filed a written dismissal of affidavit against appellant's co-defendant, Allen R. Dixon; January 31, 1962, appellant filed his Bill of Exceptions No. 1, and the same was on the same day signed and approved by the Judge and certified to the clerk as a part of the record in this cause. February 2, 1962, the State of Indiana filed its petition for *nunc pro tunc* entry in said cause No. 6945 in the Shelby Superior Court; notice of filing of said motion and request for hearing thereon to be heard on February 9, 1962, was mailed to appellant's attorney on February 2, 1962. Appellant's transcript and assignment of errors were filed in the Supreme Court on February 5, 1962; February 15, 1962, the petition and motion of the State of Indiana for *nunc pro tunc* entry was heard and determined in the absence of appellant, over the objection of appellant's counsel, and the Shelby Circuit Court ordered the "Clerk of the Shelby Circuit

Court to amend the committment (sic) entered on 23rd day of June, 1961, to conform to the order book entry set out in this petition and as set out in civil Order Book 6-0, Page 64, by deleting from said Committment (sic) heretofore entered in this cause on the 23rd day of June, 1961, the following language: 'The Court further finds that by reason of the character of said defendant, and the facts and circumstances surrounding the commission of said crime, the interest of society does not demand or require that the defendant shall suffer the penalty imposed by law, if he shall hereafter behave well. It is therefore ordered by the Court that the execution of the sentence HEREin imposed be suspended during defendant's good behavior, and that he be permitted to go at liberty on probation so long as he behaves well.' " On February 23, 1962, appellant filed his motion to complete the record to include entries *nunc pro tunc* and the Bill of Exceptions containing evidence in such proceedings as they were made after February 5, 1962, and are not included in said transcript.

It appears that the Shelby Circuit Court had no jurisdiction to entertain or act on the petition for entry *nunc pro tunc*, as final judgment had been rendered in this cause originally on June 23, 1961, and thereafter on July 1, 1961, all criminal jurisdiction in said county had vested in the Shelby Superior Court, including "proceedings of every nature commenced or had after a final judgment or decree in any such causes heretofore made and entered by the Shelby Circuit Court." [§4-4407, Burns' 1962 Cum. Supp., *supra.*]

Appellant was not in court February 15, 1962, the cause was heard in his absence, over the objection of counsel, and this being a felony case, appellant was

entitled to be present at the trial. Acts 1905, ch. 169, §222, p. 584, being §9-1801, Burns' 1956 Replacement; *Miles* v. *State* (1944), 222 Ind. 312, 53 N. E. 2d 779.

The evidence heard by the Shelby Circuit Court did not justify a *nunc pro tunc* entry setting aside the suspended sentence as there was no memorial therefor. *Cook* v. *State* (1941), 219 Ind. 234, 236, 37 N. E. 2d 63; *O'Malia* v. *State* (1934), 207 Ind. 308, 311, 192 N. E. 435.

The cause should be reversed and remanded with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 189 N. E. 2d 704.