ROBB ET AL. *v.* STATE OF INDIANA.

[No. 569 S 106. Filed February 5, 1970. No petition for rehearing filed.]

*Max Cohen,* Gary, for appellants.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

HUNTER, C.J.—Appellants were tried and convicted of professional gambling in the Lake Criminal Court on December 12, 1966, and appealed to this court. On appeal, the conviction was affirmed but the judgment and order committing appellants under the sentence imposed by the Lake Criminal Court was vacated since the trial court had failed to conduct a precommitment investigation pursuant to Ind. Ann. Stat. § 9-2252 (1969 Supp.). On remand a precommitment investigation was ordered and subsequent thereto appellants were again ordered committed.

Appellants in this appeal assert as error the court's overruling of their motion that the trial judge disqualify himself, and the overruling of their motion to vacate judgment.

The thrust of appellants' argument as it relates to their motion that the trial judge, the Honorable Judge McKenna, disqualify himself, is that by virtue of his prior public statement, he had formed a preconceived opinion as to the judgment he would impose as to each of the appellants before the precommitment report was even ordered. It is further argued that where the judge, in fact, does form a preconceived

opinion, as is here alleged, the provisions of Ind. Ann. Stat. § 9-2252 (1969 Supp.) are rendered a meaningless ritual. For the foregoing reasons it is asserted that appellants should have been granted a change of judge for the purposes of sentencing upon the submission of the precommitment investigation report ordered by this court.

As to appellants' second assignment of error, substantially the same arguments are advanced as under their first assignment of error. In addition thereto, appellants argue that the judgment should be vacated for failure to comply with the provisions of Ind. Ann. Stat. § 9-2205 (1956 Repl.). Because the arguments pertinent to both assignments of error are substantially the same, they will be considered together.

Initially, we note that the statute providing for a change of judge after an appeal has been prosecuted provides as follows:

> "In every case where an appeal to the Appellate or Supreme Court of the state of Indiana has been taken from a judgment rendered against any party, and such judgment is reversed and said cause is remanded for a new trial, or where the action of the trial court in granting a new trial is affirmed on appeal either party in said cause shall be entitled to a change of venue from the judge before whom said cause is pending, notwithstanding any changes of venue theretofore taken, upon filing an affidavit stating that such party can not have a fair trial of said cause before said judge, because of bias or prejudice on the part of said judge before whom said cause is pending, and said judge shall grant said change and it shall be unlawful for any judge so challenged to appoint in such case as special judge any relative by blood or marriage of said judge." Ind. Ann. Stat. § 2-1404 (1967 Repl.)

Where the trial has been completed and an appeal prosecuted, on remand, quite clearly, the legislature has only provided for a change of judge upon the granting of a new trial.

Appellants rely heavily on the case of *Woodsmall* v. *State*

(1914), 181 Ind. 613, 105 N. E. 155, and contend that that case stands for the proposition that an order for new trial is not necessary to the granting of a change of judge after appeal. It would appear however, that the case is clearly distinguishable from the case at bar. In *Woodsmall, supra,* the defendant made a motion in arrest of judgment which was sustained on appeal. Upon the filing of a proper affidavit, the defendant then filed a motion for change of judge which was denied. On appeal, this court reversed the conviction holding that the provisions of Burns' § 2-1404 made a change of judge mandatory. The construction given the statute in *Woodsmall* would seem entirely proper since, in effect, defendant was given another trial on the same charge. Here however, the conviction was upheld and appellants' guilt or innocence was no longer at issue on remand. Consequently we hold that § 2-1404 is not controlling and a change of judge in the instant case would not be proper. Clearly, this court is not authorized to enlarge the statutory provisions relating to a change of judge, the substantive right having been conferred by the legislature. *State ex rel. Blood* v. *Gibson Circuit Court* (1959), 239 Ind. 394, 157 N. E. 2d 475. (See however *Pollard* v. *State* (1969), 252 Ind. 513, 250 N. E. 2d at 748, where provisions relating to change of judge were effectively enlarged to accommodate the constitutional mandate requiring that the defendant be accorded a fair and impartial trial.)

As to the public statements made prior to the ordering of the precommitment investigation report by Judge McKenna, as reported in the Gary Post Tribune, we fail to see in what manner such statements prejudiced appellants. The statute, § 9-2252, provides that no defendant convicted of a felony *shall be committed* before a *precommitment* investigation report is submitted to the sentencing court. It would thus appear from the plain language of the statute that the legislature merely intended that the investigation precede *commitment.* Consequently the judge *could* pronounce *judg-*

*ment* and *sentence* before the precommitment investigation was conducted, the order of commitment following both judgment and sentencing.

The pertinent case law decided under the above statute is in complete accord. Although it has been contended that the case of *Smeltzer* v. *State* (1962), 243 Ind. 437, 185 N. E. 2d 428, stands for the proposition that the investigation must precede sentencing, that clearly is not the holding of the case. The issue in that case was the delay in sentencing. Any comment on the *timing* of the investigation was mere dicta. Judge Achor, who spoke for the court in *Smeltzer, supra,* indicated by the following language from *Ware* v. *State* (1963), 243 Ind. 639, 189 N. E. 2d 704 that the investigation need precede the order of commitment only:

> "The provision of the above statute [§ 9-2252] is mandatory. Failure of the trial court to comply with its terms is, therefore, under the facts of the case, a proper cause for redress to this court. The *order of commitment* made, without such *pre-commitment* investigation and report, must be vacated." (our emphasis) 243 Ind. at 643.

Also:

> ". . . as heretofore stated, the original *order of commitment* made by the court without a *precommitment* investigation was improvident . . ." (our emphasis) 243 Ind. at 644.

Finally, in our initial opinion in this case we said:

> "The above provision is mandatory. Failure of the trial court to comply with its terms is therefore, under the facts, a proper cause for redress to this order. The order of *commitment* made without such *precommitment* investigation and report must be vacated." (our emphasis) 239 N. E. 2d at 157.

Here, the only order vacated by this court was that relating to commitment, there having been no precommitment investigation as required by statute. The original sentence levied on the finding of guilt was in no way affected nor was the trial judge required to reconsider such sen-

tence. The order of commitment *was* to be reconsidered however, and it is apparent from the record that the precommitment investigation was considered before rendering the final order of commitment. Therefore, although we do not hereby approve of public comments made by a judge before the final disposition of a case before him, such comments could not have prejudiced appellants as they allege.

The precommitment investigation is not a meaningless ritual as contended by appellants. Invaluable information may be gathered which will aid the judge and prison officials in properly committing the convicted felon and in future actions on work assignments and parole applications. Nor will our holding impair the usefulness of the report required by the statute. It may be that the trial judge will require the report prior to sentencing in order that various facts be before him. However, the statutory requirement is fulfilled if the report is filed prior to the order of commitment.

Appellants' final argument is that the trial court failed to comply with the provisions of Ind. Ann. Stat. § 9-2205 (1956 Repl.) which requires the court to inquire of the defendant whether he has any legal cause to show why judgment should not be pronounced upon him. This inquiry is to precede *judgment,* and perforce should have been completed prior to the order of commitment. Since our original remand of this case on appellants' first appeal was concerned only with the commitment order, appellants cannot now be heard to complain of procedural omissions made prior to that order.

For the foregoing reasons, the overruling of appellants' motion to disqualify and motion to vacate judgment are sustained and the order of commitment is affirmed.

Commitment order affirmed.

Arterburn, Givan, JJ., concur; DeBruler, J., concurs in result with opinion with which Jackson, J., concurs.

CONCURRING IN RESULT

DeBruler, J.—I do not agree with the interpretation given by the majority of the Pre-commitment Investigation Statute where it holds that the Legislature thereby, "merely intended that the investigation precede commitment. Consequently the judge *could* pronounce *judgment* and *sentence* before the pre-commitment investigations were conducted, the order of commitment following both judgment and sentence."

The statute says:

"No defendant convicted of a felony shall be committed by any criminal court of record before a written precommitment investigation report, prepared by a probation officer, is presented to and *considered by the sentencing court.* Whenever precommitment investigation is required, the probation officer making the investigation shall inquire into the circumstances of the offense and shall make such investigation as is prescribed by the state probation director of the department of correction. All local and state police agencies shall be required to furnish to the probation officer such records as the probation officer may request. *Where in the opinion of the sentencing court, or the investigating authority, it is desirable, the precommitment investigation may include a physical and mental examination of the defendant.* If a defendant is thereafter committed to any penal and correctional institution the investigating agency shall send a written report of its precommitment investigation to the penal institution at the time of commitment." (Emphasis added.) Burns' § 9-2252.

The majority concedes that the statute is mandatory. Therefore, the sentencing judge must consider the report. The whole point of the requirement that the trial court consider the precommitment investigation report is to have the facts contained therein *affect* the trial court's exercise of discretion in determining the amount of fine or term of imprisonment, in deciding whether the sentence should be suspended, and in setting realistic terms of probation. If the court does not have to consider the report until *after* sentencing, as contended by the majority, then that purpose cannot be accomplished.

My position, namely, that the pre-commitment investigation report must be considered by the sentencing judge prior to sentencing is supported by the case of *Smeltzer* v. *State* (1962), 243 Ind. 437, 185 N. E. 2d 428. In that case the allegation of error was as follows:

"Appellant here also asserts for the first time that the trial court committed reversible error in that, immediately upon overruling the motion for new trial, the court did not sentence the appellant nor did it fix a date certain for such sentencing but, instead, deferred such sentencing pending the report of a written precommitment investigation by a probation officer." 243 Ind. at 438.

This Court held that not only was it proper for the trial court to have delayed sentencing but such delay was mandatory under the Pre-commitment Investigation Statute, saying:

"As conceded by the appellant, postponement of sentence was made mandatory under Acts 1959, ch. 264, § 2, p. 632 [§ 9-2252, Burns' 1961 Cum. Supp.], until such time as 'a written precommitment investigation report, prepared by a probation officer, is presented to and considered by the sentencing court. . . .' The temporary and mandatory delay for the purpose of such investigation was for a limited time and purpose and was such as 'the interest of justice demands' and is 'for cause shown,' . . . " 243 Ind. at 445.

In *Ware* v. *State* (1962), 243 Ind. 639, 189 N. E. 2d 704, it was asserted that the trial court erred in sentencing and committing the defendant to jail without first requiring and considering a pre-commitment investigation report. In reversing the trial court on this ground, this Court ordered the trial court as follows:

"The cause is, therefore, remanded to the Shelby Circuit Court with instructions for the judge thereof to vacate the judgment and order of commitment and the nunc pro tunc entry thereafter made modifying said order of commitment, and thereupon to proceed in the cause in a manner consistent with this opinion."

This Court first rendered an opinion in this case in *Robb, et al.* v. *State* (1968), 239 N. E. 2d 154. In that opinion the Court considered the following allegation of error:

"Appellants argue that the trial court erred in not having a precommitment investigation report before imposing sentence."

The Court reversed the trial court on that ground and ordered as follows:

"The cause is, therefore, remanded to the Lake Criminal Court for the judge thereof to vacate the judgment and order of commitment and thereupon to proceed in the cause in the manner consistent with this opinion."

Therefore, based upon the mandatory requirement that the sentencing judge consider the report and upon the interpretation of the statute given in the *Smeltzer, Ware* and first *Robb* cases, I conclude that the Pre-commitment Investigation Statute makes it imperative for a sentencing judge to receive and consider a report of pre-commitment investigation prior to sentencing.

The record in the present case on appeal apparently shows that the trial judge after receiving the Court's opinion from which the above is quoted, vacated the judgment, ordered and received a pre-commitment report of investigation, considered the report and again sentenced the defendants. I, therefore, likewise feel that the trial court should, on this point, be affirmed.

NOTE.—Reported in 255 N. E. 2d 96.