HAROLD LOMAN *v.* STATE OF INDIANA.

[No. 475S110. Filed September 8, 1976.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Eugene C. Hollander,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Public Defender, for appellee.

ARTERBURN, J.—The Appellant, Harold Loman, was found guilty on May 24, 1960, of rape of a female child under the age of twelve years. Ind. Code § 35-13-4-3 (Burns 1975). Pursuant to statute, he was sentenced to life imprisonment. On November 7, 1974, a petition for post-conviction relief filed by the Appellant was denied. An appeal from this denial was subsequently perfected. On June 13, 1975, the Appellant filed a "Motion to File a Belated Supplementary Motion to Correct Errors," requesting permission to consolidate a belated appeal with the appeal from the denial of post-conviction relief. This motion was granted by the trial court. This court, since no direct appeal had been taken in this case, granted the Appellant's "Petition for Writ of Certiorari to Amend the Record of the Proceedings" on January 29, 1976, thereby consolidating the two appeals.

I.

We look first to the contention of the Appellant that his conviction was not supported by sufficient evidence. At trial,

the State presented as a witness the victim of the alleged crime. Then the stepdaughter of the Appellant, she was eleven years old on the date of the incident, December 29, 1958. The events of the rape were recounted by the victim in terms which we need not repeat. It is enough to say that penetration by the Appellant was established.

Dr. Henry Fisher, a physician engaged in the general practice of medicine, examined the victim on January 5, 1959. The doctor testified that his examination revealed some tearing of the tissues in the girl's vaginal area, indicating at least partial penetration. The victim's mother testified that on December 30, 1958, she discovered that her daughter had been bleeding from the vaginal area during the previous night. She initially thought that her daughter had begun her menstrual period. On January 3, 1959, her daughter told her of the incident.

"A conviction of rape may be sustained solely on the testimony of the prosecuting witness. *Smith* v. *State*, (1971) 255 Ind. 687, 266 N.E.2d 216." *Beard* v. *State*, (1975) 262 Ind. 643, 323 N.E.2d 216 at 218. In this case, the testimony of the victim was corroborated in part by a physician who examined her in part by her mother. The Appellant suggests that the corroboration provided by the doctor was minimal, and that portions of the testimony of the victim's mother were "highly questionable." An appellate court, however, cannot weigh the evidence or judge the credibility of witnesses. In determining whether the verdict is supported by sufficient evidence, we look at the evidence most favorable to the State and the reasonable inferences to be drawn from that evidence. The verdict will not be disturbed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Young* v. *State*, (1975) 264 Ind. 14, 332 N.E.2d 103; *Blackburn* v. *State*, (1973) 260 Ind. 5, 291 N.E.2d 686; *Jackson* v. *State*, (1971) 257 Ind. 477, 275 N.E.2d 538. There was sufficient evidence here.

## II.

The appellant also contends that he was represented by ineffective trial counsel. This contention is supported in part by arguments that the Appellant was not sufficiently advised of his constitutional right to a trial by jury and that evidence of prior convictions of the Appellant was erroneously admitted into evidence.

The contention of the Appellant that he was not sufficiently advised of his constitutional right to a jury trial does not stand in the face of the record. At the hearing on his petition for post-conviction relief, the Appellant testified that his attorney had not discussed with him his right to a jury trial, and that he felt he would have had a fairer trial if it had been by jury. The record reveals, however, that the trial court advised the Appellant directly of his right to a jury trial at his arraignment. He had not, at that time, secured counsel and the arraignment was continued. At the resumption of the arraignment, defense counsel was asked whether a jury trial was desired. It was indicated that this had not yet been determined. We also note that the Appellant's prior convictions, whether or not they were admissible into evidence, indicate that the Appellant was no stranger to the judicial process.

Correspondence between the Office of the Public Defender and the Appellant, admitted into evidence at the post-conviction relief hearing, stated that the Appellant's trial counsel unequivocally denied forcing the Appellant to waive a jury trial. He explained that his decision to suggest a bench trial was made for two reasons: (1) his view of the nature of the case and the evidence to be elicited; and (2) his judgment that a jury would be prejudiced by a trial of this nature more than a seasoned criminal judge would be. This court does not second-guess trial tactics or strategy. *Greer* v. *State,* (1975) 262 Ind. 622, 321 N.E.2d 842. We find no evidence of incompetence here.

The Appellant also testified at his post-conviction relief

hearing that his attorney had failed to subpoena his sole alibi witness, the Appellant's former employer, and that the presentation of a complete defense was thus prevented. It is undeniably true that this witness was not subpoenaed. However, the correspondence mentioned above between the Public Defender's office and the Appellant states that defense counsel interviewed the prospective witness and found that his testimony would not establish an alibi. His subsequent failure to subpoena the witness, obviously, does not indicate ineffective or incompetent representation.

The failure of the Appellant's trial counsel to object to cross examination of the Appellant regarding a prior embezzlement conviction also provides no support for the conclusion that he was incompetent. The embezzlement conviction was admissible for impeachment purposes. Under the law in effect at the time of the Appellant's trial, a conviction for any crime, whether it be a felony or misdemeanor, was admissible as affecting his credibility. *Dexter* v. *State,* (1972) 260 Ind. 608, 297 N.E.2d 817. Even under the limitations imposed in *Ashton* v. *Anderson,* (1972) 258 Ind. 51, 279 N.E.2d 210, held to not have retroactive application in *Dexter* v. *State, supra,* the Appellant's embezzlement conviction was admissible for impeachment purposes since it was an offense involving dishonesty.

The questioning of the Appellant by his trial counsel brought out a 1949 sodomy conviction which had been vacated prior to the rape charge. In addressing this issue, we will accept the finding of fact by the judge who conducted the Appellant's post-conviction remedy hearing. He wrote, without citation, that the sodomy conviction had been vacated prior to the Appellant's rape trial.

If the conviction for sodomy had been brought out by the State, without showing that it had already been vacated, we would have more concern for the claimed error. Of course, a prior conviction for sodomy would have some relevance in a case involving "depraved sexual conduct." *Kerlin* v. *State,* (1970) 255 Ind. 420, 265 N.E.2d 22. But that is not the ques-

tion here. The admission of the evidence here is raised to prove incompetence of counsel.

As already noted, we cannot second-guess the tactics of defense counsel. It is well-known that many times counsel will draw out from a witness on direct examination any weaknesses, such as prior convictions, in order to defuse the impact of having them revealed by opposing counsel on cross-examination. And one mistake does not show incompetence of counsel. Rarely has any trial attorney tried a case without making some mistake in judgment. The only evidence admitted here was the fact of the conviction and its subsequent reversal. In fact, when the prosecution sought to bring out further details about the crime, the trial court would not permit it.

We note also that this was a bench trial. "[I]t has long been held in Indiana that harm arising from evidentiary error is lessened if not totally annulled when the trial is by the court sitting without a jury. *Shira* v. *State*, (1918) 187 Ind. 441, 119 N.E. 833." *King* v. *State*, (1973) 155 Ind. App. 361, 292 N.E.2d 843 at 846. It is difficult to find incompetency from a single arguable mistake which did the defendant no harm. "Such an isolated occurrence, even without possible *bona fide* explanations, is not conduct shocking to the conscience of a court or conduct making a mockery of the trial. *Blackburn* v. *State*, (1973) [260] Ind. [5], 291 N.E.2d 686; *Sargeant* v. *State*, (1973) [157] Ind. App. [173], 299 N.E.2d 219, and cases cited therein. There must be, and there is not in this instance, strong and convincing proof to overcome the presumption that an attorney has been competent. *Isaac* v. *State*, (1971) 257 Ind. 319, 274 N.E.2d 231 and cases cited therein."
*Jones* v. *State*, (1974) 262 Ind. 159, 312 N.E.2d 856 at 857.

### III.

Finally, the Appellant contends that the trial court erred in sentencing the Appellant without first reviewing a pre-

commitment investigation report. Pursuant to statute, a pre-commitment investigation was ordered after the trial court found the Appellant guilty of rape of a female child under the age of twelve years. As the Appellant was being returned to the Grant County Jail, however, he pulled a gun on and attempted to shoot the deputy escorting him. Three sawblades were then found sewn into the Appellant's clothes, and wire cutters were found in one of his shoes. The trial judge subsequently cancelled his request for a precommitment investigation report and sentenced the Appellant to life imprisonment.

There is no question here that the trial court committed error:

> "Appellant asserts that the court committed error in sentencing appellant and committing him to the sheriff for the execution of the judgment without first requiring and receiving a precommitment investigation report, as required by Acts 1959, ch. 264, § 2, p. 632, being § 9-2252, Burns 1962 Cum. Supp. For this reason appellant asserts that the judgment was erroneously entered. The statute provides:
>
> > 'No defendant convicted of a felony shall be committed by any criminal court of record before a written precommitment investigation report, prepared by a probation officer, is presented to and considered by the sentencing court. . . . If a defendant is thereafter committed to any penal and correctional institution the investigating agency shall send a written report of its precommitment investigation to the penal institution at the time of commitment.'
>
> The provision of the above statute is mandatory. Failure of the trial court to comply with its terms is, therefore, under the facts of this case, a proper cause for redress to this court. The order of commitment made, without such precommitment investigation and report, must be vacated."
> *Ware* v. *State*, (1963) 243 Ind. 639 at 643, 189 N.E.2d 704 at 706.

Under the circumstances of this case, however, we think that this error is harmless. The Appellant's sentence was mandated by the rape statute in effect at the time of his sentencing, as it is required under our current rape statute. Ind. Code § 35-13-4-3 (Burns 1975). Under the statutory pro-

visions in effect at that time, as today, this sentence could not be suspended. Ind. Code § 35-7-1-1 (Burns 1975). The statutory requirement of a pre-commitment investigation report does not rise to the level where a mistrial will result if it is not followed. The most that the Appellant could ask for here is a vacating of his order of commitment and resentencing in light of such a report. This would serve him nothing, since the trial court has no discretion in the sentence in this case.

The only purpose to be served by the pre-commitment investigation report in this case would be to aid prison officials in proper placement, future work assignments, and parole applications. *Cf. Robb* v. *State,* (1970) 253 Ind. 448, 255 N.E.2d 96. The Appellant has presented no evidence which would suggest that prison officials, during the course of his imprisonment since 1960, have not accumulated records sufficient for these purposes. We see nothing to be gained by a belated pre-commitment report at this point in time.

The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 354 N.E.2d 205.