*W. H. Calkins,* for appellant.

---

### ALLISON *v.* THE STATE.

CRIMINAL LAW.—*Placing Obstruction on Railroad.*—*Evidence.*—Under an indictment for maliciously placing pieces of timber upon a railroad track, it is not necessary that the proof should correspond with the allegation as to the number of pieces placed upon the track. One piece calculated to obstruct passing trains is sufficient to constitute the offence.

SAME.—*Presumption.*—On the trial of such an indictment, an instruction, that, " if the proof shows conclusively that the defendant placed the timber

Allison *v.* The State.

upon the track of the railroad in question, in such a manner as to obstruct the passage of trains of cars over said road, the presumption is that the act was wilfully and maliciously done," it was held, was erroneous.

APPEAL from the Clinton Circuit Court.

Downey, J.—This was an indictment against the appellant and one Lacey, in which it is charged that they did, on the twenty-seventh day of December, 1872, at the county of Clinton, and State of Indiana, feloniously, wilfully, and maliciously place upon the track of the Logansport, Crawfordsville, and South-western Railroad, in that county, certain obstructions, to wit, several pieces and large logs of timber, projecting above the track six inches each, in such manner as to obstruct and endanger the passage of engines, carriages, and trains of cars, then and there using the road, and did thereby, then and there, feloniously, wilfully, and maliciously obstruct the passage of the said engines, carriages, and trains of cars upon said railroad track, contrary to the form of the statute, etc.

The defendants, on arraignment, pleaded not guilty, and elected to be tried separately. The appellant upon a trial by jury was found guilty, and he made a motion for a new trial, for the reasons, and on the grounds, that the court had erred in giving to the jury instructions numbered six, seven, and eight, in the series of instructions given by the court to the jury. This motion was overruled by the court; the defendant excepted, and was sentenced to the punishment fixed by the jury in their verdict.

The only error properly assigned is the overruling of the motion for a new trial.

The evidence is not in the record, and we must, therefore, regard the instructions in question as correct, if, upon any evidence which might legally have been introduced under the issue, they would have been proper.

The sixth instruction is as follows: "It is not necessary that the proof should correspond with the allegation as to the number of pieces of timber placed upon the track. If the proof shows that one piece of timber was placed upon the

track of said road, in such a manner as to obstruct the passage of cars over said road, it will be sufficient upon that point."

There is no valid objection to this instruction. It is not necessary to prove all that is alleged in an indictment, provided that what is proved constitutes a crime punishable by law, of the same nature or quality as that which is charged. It is a crime wilfully and maliciously to place any obstruction upon the track of any railroad, so as to endanger the passage of trains. 2 G. & H. 446, sec. 29. Placing a single piece of timber upon the track of a railroad, would constitute such obstruction, and the fact that the indictment charged that several were placed upon it, and that the State proved that one only was placed upon it, is no variance nor failure of proof.

The seventh instruction is as follows:

"If the proof shows conclusively that the defendant placed the timbers upon the track of the railroad in question, in such a manner as to obstruct the passage of trains of cars over said road, the rule of law is, that every man intends the necessary consequences of his acts, and the presumption is, that the act was wilfully and maliciously done."

This charge may be abbreviated by leaving out the words, "the rule of law is that every man intends the necessary consequences of his acts," which are not necessary to a proper understanding of it. It will then read as follows: "If the proof shows conclusively that the defendant placed the timbers upon the track of the railroad in question, in such a manner as to obstruct the passage of trains of cars over said road, the presumption is that the act was wilfully and maliciously done." What is a presumption? Starkie says: "Where the connection between facts is so constant and uniform that from the existence of the one that of the other may be immediately inferred, either with certainty, or with a greater or less degree of probability, the inference is properly termed a presumption, in contradistinction to a conclusion derived from circumstances by the united aid of

experience and reason." 1 Stark. Ev. 80. It is "an inference affirmative or disaffirmative of the existence of a disputed fact, drawn by a judicial tribunal, by a process of probable reasoning, from some one or more matters of fact, either admitted in the cause or otherwise satisfactorily established. Best Presump. 12;" Bouv. Dic., vol. 2, p. 367.

Presumptions are either presumptions of law or presumptions of fact. Presumptions of law are either conclusive or they are disputable. They are rules which, in certain cases, either forbid or dispense with any ulterior inquiry; inferences or positions established, for the most part, by the common, but occasionally by the statute law, which are obligatory alike on judges and juries. Presumptions of fact, on the contrary, are inferences as to the existence of some fact drawn from the existence of some other fact; inferences which common sense draws from circumstances usually occurring in such cases. These presumptions can only be made by a jury, or by the court when acting as a jury in the trial of issues of fact. Bouv. Dic., Title Presumption. In the charge under consideration, the court told the jury that upon the proof of one fact, that is, the placing of the timbers on the track so as to obstruct the passage of trains, the presumption is, that the act was wilfully and maliciously done. Had the court said, that upon proof that the timbers were wilfully placed on the track, the jury might infer malice, a different question would have been presented. The court did not state to the jury whether the presumption was one of law or one of fact; whether it was conclusive or disputable; whether they had any thing to decide, with reference to its application, or whether they were compelled to apply it at all events. There are many circumstances under which the defendant might have placed the timbers on the railroad track, so as to obstruct the passage of trains, which would have precluded the idea of its having been done wilfully and maliciously. It seems to us that the court should not have given this charge in the form in which it was given. We can not conceive of any state of the evi-

Allison *v*. The State.

dence which would have justified the giving of it. We suppose it proper for the court to state to the jury a legal presumption for their government, informing them, if it is an indisputable presumption, that they must be governed by it, or if it be a disputable presumption, that it is to stand good until the contrary is established by the evidence, or by a counter presumption. But we cannot think that it is either proper or safe for the court to so far invade the province of the jury, as to direct them when they shall make or apply a mere presumption of fact. When the trial of a criminal case is by jury, the court should not lay down any arbitrary rules as to the weight they are to give to the evidence which has been adduced. They are the judges of the facts, and must be left to weigh the evidence and consider the motives of the party without any rules from the court, which will compel them to indulge a presumption of fact, whether, under all the circumstances, they think they ought to indulge it or not.

We have examined the eighth instruction, on the subject of the degree of certainty which is required in criminal cases to warant a conviction, and think it is not objectionable

The judgment is reversed, and the cause remanded, for a new trial. The clerk will certify to the warden of the prison to return the appellant to the jail of the proper county.

PETTIT, J., dissents from so much of the foregoing opinion as relates to the seventh instruction.

*J. Claybaugh, R. P. Davidson, J. C. Davidson,* and —— *Thompson,* for appellant.

*J. C. Denny,* Attorney General, for the State.