## LINE *v.* THE STATE.

VENUE.—*Change from Judge.*—Where a change of venue from the judge has been granted on account of his alleged bias and prejudice against the defendant in an indictment, another change from another judge for the same cause cannot be granted to said defendant.

INSTRUCTION TO JURY.—*Evidence.*—*Alibi.*—It is error to instruct the jury

Line *v.* The State.

on the trial of a criminal action, that " evidence of an *alibi* is evidence of a suspicious character."

SAME.—*Presumption of Innocence.*—It is error to refuse to instruct the jury on the trial of a criminal action, that the defendant is presumed to be innocent, and before he can be convicted the State must prove him guilty beyond a reasonable doubt.

From the Carroll Circuit Court.

*J. A. Sims* and *C. R. Pollard,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

BIDDLE, C. J.— Indictment for larceny in stealing a horse.

It appears from the record that the Hon. Bernard B. Daily, the judge of the court, had been employed, before his appointment, as counsel for appellant, and for this reason was incapacitated from trying the case. He therefore called the Hon. Edwin P. Hammond to preside at the trial. The appellant moved for a change of venue from Judge Hammond, founded on his affidavit, on account of the alleged bias and prejudice of the judge against him. The motion was granted. Thereupon, Judge Daily called the Hon. Edward C. Buskirk to try the case. The appellant then filed his affidavit, alleging the bias and prejudice of Judge Buskirk against him, and moved again for a change of venue from the judge. This motion was overruled, and exception taken.

The affidavit, we think, fulfils the requisites of the statute; but the question arises, is the appellant entitled to two changes of venue in the same case for the same cause? We think not. The statute nowhere authorizes a second change of venue to the same party for the same cause. The court had no more power to grant a second change than it would have to grant a third, fourth, or fifth, or any number of changes. The ends of justice demand this construction of the statute; otherwise it would be in the power of a defendant, charged with a criminal offence, to defeat a trial entirely.

After the overruling of the motion for a change of venue from Judge Buskirk, the appellant was arraigned, and pleaded not guilty to the indictment. A jury trial was had,

which resulted in a verdict of guilty. A motion for a new trial was made, causes filed, motion overruled, exception taken, and appeal to this court.

At the proper time, the State moved the court to instruct the jury as follows:

"7. Evidence of an *alibi* is evidence of a suspicious character, and should be most rigorously sifted, and cautiously confided in; but when it has been subjected to severe scrutiny, and ascertained to have been honestly and truthfully given, it should have equal force with the same weight of evidence on any other subject."

The motion was sustained, the instruction given to the jury, and exception taken by the appellant.

It seems to us that this instruction is erroneous. Why evidence of an *alibi* should be regarded as suspicious, as a rule of law, any more than evidence of any other defence, we cannot perceive. Suspicious evidence is a fact for the jury to consider, not a rule of law applicable in all cases to the defence of *alibi*. Such a defence may be supported by unsuspicious evidence, and as honestly made as any other, and is often the only shield of innocence. And we think whatever defence a defendant may lawfully make, should not be subject to any suspicion, unless the evidence in the case warrants it. There is a presumption of law, in certain cases, against the full credibility of evidence; as, where the witness testifies on his own behalf, or on behalf of his near kindred or of those in close relations of love and affection to him, or where he is interested. In such cases, the rule of law is founded on the uniformity of human nature in its disposition to favor and shelter those it loves and to protect its own interests. We know of no such rule against witnesses because they happen to testify concerning an *alibi*. The credibility of witnesses must, in all cases, be left to the jury, whatever may be the subject about which they testify. Suspicion, falsehood or fraud are never presumed; they must be shown by evidence.

There is also a class of cases wherein presumptions will

arise against a defendant; as, when a larceny has been committed, and the stolen goods are found, immediately or soon after, in the possession of the defendant; or when counterfeiting tools are found upon the person arrested for passing counterfeit money; but we know of no presumption or suspicion, as a rule of law, against the evidence or the witnesses of a defendant merely because he attempts to prove an *alibi* in his defence.

In the case of *Allison* v. *The State*, 42 Ind. 354, this court expressed the following rule, to which we adhere:

"When the trial of a criminal case is by jury, the court should not lay down any arbitrary rules as to the weight they are to give to the evidence which has been adduced. They are the judges of the facts, and must be left to weigh the evidence and consider the motives of the party, without any rules from the court which will compel them to indulge a presumption of fact, whether, under all the circumstances, they think they ought to indulge it or not."

If it should be thought that the case of *Howard* v. *The State*, 50 Ind. 190, conflicts with this view in the statement of the instructions, it will be noticed that the case was decided upon another ground.

This court has frequently held that sufficient evidence of an *alibi* to create a reasonable doubt in the minds of the jury of the defendant's guilt should result in an acquittal. *Adams* v. *The State*, 42 Ind. 373; *West* v. *The State*, 48 Ind. 483; *Binns* v. *The State*, 46 Ind. 311; *Kaufman* v. *State*, 49 Ind. 248.

The appellant, at the proper time, asked the court to instruct the jury as follows:

"6. In a criminal case, the defendant is presumed to be innocent of the crime with which he is charged; and before he can be convicted of the crime with which he is charged, the State must prove him guilty of the crime beyond a reasonable doubt."

This instruction was refused by the court, and exception taken by the appellant.

We think the refusal of this instruction was error. 2 G. & H. 415, sec. 104; *Long* v. *The State,* 46 Ind. 582.

The omission to give this instruction was, doubtless, an oversight in the learned judge who tried the case below, but so the record is made up.

There are several other instructions asked by the appellant, and refused by the court, which express the law; but as they were given by the court, on its own motion, in substantially the same words, the refusal was not erroneous. But as to the sixth instruction, above, we may say, as was said by OSBORN, J., in the case of *Long* v. *The State, supra,* that "we have carefully examined all the instructions, and find that the second branch of that asked and refused had been substantially given, but they were silent as to the presumption of innocence. The court should have charged the jury on that subject, as asked, and an error was committed by its refusal to do so."

The judgment is reversed; cause remanded, with directions to sustain the motion for a new trial, and an order to return the prisoner.