## DUGGINS *v.* THE STATE.

CRIMINAL LAW.—*Change of Venue.—Bias of Judge.—Discretion of Court.— Practice.*—A defendant in a criminal prosecution is entitled to one, and only one, change of judge on account of his bias or prejudice ; and the court has no discretion to refuse it.

SAME.—*Special Judge.—Failure to perfect Change of Venue from.*—When, in such case, a change of judge is ordered by a special judge, but is not perfected, and no judge to try the cause is either appointed or called, and the defendant is recognized to appear at the next term of court, at which the regular judge presides, it is error to refuse an application by the defend-

ant, upon a sufficient affidavit, for a change of venue from such regular judge.

From the Harrison Circuit Court.

*B. P. Douglass, S. M. Stockslager, W. N. Tracewell* and *J. R. Tracewell,* for appellant.

*T. W. Woollen,* Attorney General, and *W. T. Zenor,* Prosecuting Attorney, for the State.

WORDEN, C. J.—The appellant was indicted in the court below, jointly with two others, for the crime of arson, and was separately tried and convicted.

He appeals to this court, and assigns several supposed errors in the proceedings, one of which only we deem it necessary to consider.

The indictment was found while the Hon. Thomas C. Slaughter was judge of the court.

At the September term of the court, 1878, on account of the sickness of Judge Slaughter, the Hon. William A. Porter was regularly appointed to hold the residue of the term after the appointment, and this cause, as to the appellant, was continued until the next term of the court.

At the next term of the court, November, 1878, Judge Slaughter still being unable from sickness to attend, Mr. Porter was again regularly appointed to hold that term of the court.

At that term of the court the appellant, on a proper affidavit filed, as to the prejudice of Judge Porter, moved for a change of the judge, and the record proceeds to state the action of the court, as follows:

"And the court having seen and examined said affidavit, it is ordered by the court, that a change of judge herein, as to said Americus Duggins, be granted. And the defendant, Americus Duggins, is ordered by the court to enter into a recognizance in the sum of one thousand dollars for his appearance in this court on the first day of the next term thereof."

The recognizance was accordingly entered into, but no appointment of a judge was made, or further notice taken of the cause, at that term of the court.

At the February term, 1879, of the court, the Hon. George W. Denbo presided, he having succeeded Judge Slaughter in the office of judge of that circuit, the latter having died; and the subsequent proceedings in the cause were had before Judge Denbo.

At the last above mentioned term of the court, the appellant was put upon trial, but the jury, being unable to agree, were discharged by consent of the parties, without rendering a verdict.

The cause was finally set down for trial on April 14th, 1879, at an adjourned term of the court. Before entering upon the second trial the appellant moved for a change of judge on the ground of the bias and prejudice of Judge Denbo against him, his motion being based upon a sufficient affidavit; but the motion was overruled, for the reason, as a bill of exceptions informs us, that the defendant had had one change of judge on the same ground. The appellant excepted, and the trial proceeded, resulting in a conviction as first herein stated.

A defendant in a criminal prosecution is entitled to only one change of judge on account of bias or prejudice against him. *Line* v. *The State*, 51 Ind. 172.

But he is entitled, upon a proper affidavit, to one change on that ground, and the court has no discretion to refuse it. *Manly* v. *The State*, 52 Ind. 215.

Has the appellant in this case had a change of judge on the ground of bias or prejudice? This question, it seems to us, must be answered in the negative. To be sure, Judge Porter, while holding the court, on the application being made to him, ordered that a change of judge be granted, and continued the cause. He neither appointed nor called any judge to try the cause.

When Judge Denbo came into the office of judge he found the case upon the docket, and it became his right and duty to try it by virtue of his office, and not by virtue of any appointment or call made upon him in consequence of the change ordered. The change of judge was ordered, though not perfected, and the appellant was required to recognize for his appearance at the next term of the court, when the cause came before Judge Denbo in precisely the same manner that it would if no change had been ordered.

We are of opinion that the court erred in refusing the change applied for.

The judgment below is reversed, and the cause remanded for a new trial.

Note.—The clerk will give the proper notice for the return of the prisoner.