STATE EX REL. GRIMM *v.* NOBLE CIRCUIT COURT ET AL.

[No. 30,132. Filed October 9, 1961.]

*Grimm & Grimm, Howard S. Grimm, Edgar A. Grimm,* of Auburn, and *Barrie C. Tremper,* of Ft. Wayne, for relator.

*Kenneth A. King, pro se.*

ARTERBURN, J.—Relator petitions for a writ of prohibition to prevent respondent Hartzog, as special judge, from assuming jurisdiction and to mandate

the presiding judge to submit a new panel for the selection of a special judge in a criminal case.

Relator was charged with a misdemeanor in the Noble Circuit Court and filed his application for a change of judge. In accordance with Rule 1-12 of this Court, a panel containing the names of three eligible appointees as special judge was submitted by the presiding judge (one of the respondents herein). Each side struck a name therefrom and the one remaining was appointed special judge. However, the appointee failed and refused to qualify. Thereafter, the court again submitted a panel of three names and the resulting appointee again refused to qualify. This occurred a third time, and upon the fourth occasion, the respondent judge herein submitted a list containing the names of the Honorable Donald Hunter, Judge of the LaGrange Circuit Court, Robert B. Hartzog, Practicing Attorney of the Elkhart County Bar, and D. Russell Bontrager, Practicing Attorney of the Elkhart County Bar.

The relator, Howard S. Grimm, Jr., thereupon filed written objections to the submission of this panel for the reason that each of the designated persons' names had been previously submitted in one of the prior lists and that two of the names were stricken by the relator and one by the opposing party.

The objections were overruled and the court refused to submit a new panel. The relator thereupon struck the third remaining name that had not previously been stricken by him. From the names of those submitted, the name of Robert B. Hartzog (previously stricken by relator) remained, and he was appointed special judge and is named a respondent herein.

The sole question here is: May a presiding judge, after submitting the name of a qualified person to serve as special judge on a panel and after a party has stricken such name previously from the panel, resubmit such name or names on a subsequent list to the same parties for the appointment of a special judge? The rules of this Court are uninformative upon this question and we must look to the objectives of the procedure authorizing a change of judge.

In the case of *Kissel* v. *Lewis* (1900), 156 Ind. 233, 59 N. E. 478, the court, upon a motion for change of judge, submitted the names of several competent attorneys with the request that the parties strike off the names. The person finally designated by this method failed to accept the appointment and the regular judge thereafter (without submitting a list) appointed another attorney and member of the Bar, who consented to serve. An objection was then made that the appointee named had been on the previous panel submitted. It is pointed out in that case that under the rules then prevailing, the method of selecting a special judge by submitting a panel of names was purely "an act of courtesy" by the regular judge, who had the right to designate and name the special judge without submitting names to the parties for striking. We do not consider this case any authority under the present rules.

In *Neal* v. *State* (1938), 214 Ind. 328, 14 N. E. 2d 590, the statutory rule provided for the submission of a panel for the striking and selection of a special judge. There, the first designee failed to qualify and thereupon the regular judge submitted a second panel, with two names that were previously stricken from the first panel. The appellant objected to the

submission of the list containing two names that were on the previous list, and refused to strike.

The decision in that case turns on the point that the statute gave the party requesting a change of judge, the privilege of asking that the Supreme Court submit the names for a panel instead of the regular judge (who would normally submit the panel), upon an affidavit of alleged prejudice. The opinion states the complaining party had a remedy to avoid the claimed prejudicial submission of the names. The opinion further states that although two of the names on the panel had previously been submitted, the special judge who was finally selected was one whose name had not appeared on any of the previous lists submitted. These cases may be distinguished. In addition, their reasoning is not entirely satisfactory.

In the case before us, all three names had been listed on previous panels and striken previously by the parties. Although the *Neal Case* may be distinguished from the present case, we are not persuaded by its reasoning, since such procedure would permit the judge submitting a second panel to designate, for all practical purposes, the one he desires to be selected as special judge.

The purpose and the objective of the rules for the selection of a special judge is to secure not only a person who is fair and impartial, but also one whom the parties believe to be fair and impartial and one in whom they have confidence. Confidence in the judiciary requires not only that no one should be compelled to try his case before a judge who is unfair or prejudiced, but also he should not be required to try his case before a judge

whom he feels or believes is unfair or prejudiced, insofar as reasonable rules of procedure will permit.

In the procedure for the selection of counties to which a venue is to be taken, although there is no statute or rule prohibiting the naming of the county from which the venue was previously taken, such a county, in justice to the parties, should not be included in the list of the adjoining counties. *State ex rel. Kealing* v. *Clay Circuit Court* (1934), 207 Ind. 259, 192 N. E. 423; *Lasher* v. *Gerlack* (1939), 107 Ind. App. 572, 23 N. E. 2d 296; *State ex rel. Whitewater Ass'n. etc.* v. *Hoelscher* (1935), 208 Ind. 334, 196 N. E. 1.

In a case where a change of judge is to be granted under Rule 1-12 of this Court, we hold that it is not proper for a presiding judge to resubmit a name on a subsequent list to the same parties in the same matter for the appointment of a special judge, after having previously submitted such name and after a party has stricken such name.

The writ of mandate is granted, directing the respondent judge of the Noble Circuit Court to reassume jurisdiction in Cause Number 5468 and expunge from his record all entries subsequent to the filing of objections on May 17, 1961, the date of the submission of the names on the last panel for the selection of a special judge. The respondent judge is further directed to sustain the objections to the names on the panel submitted and name a new panel pursuant to Rule 1-12 of this Court of qualified persons to act as such judge in said cause.

The writ of prohibition is granted, commanding respondent Hartzog to refrain from any and all acts in connection with said Cause Number 5468 in

the Noble Circuit Court and from exercising any further jurisdiction therein, all in conformity with this opinion.

Landis, C. J., Achor, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 335.