STATE EX REL. GRIMM *v.* NOBLE CIRCUIT COURT ET AL.

[No. 30,191. Filed June 20, 1962.]

*Howard S. Grimm* and *Edgar A. Grimm,* both of Auburn, for relator.

*Louis G. Ketcham,* Prosecuting Attorney, 33rd Judicial Circuit, of Albion, and *James F. Biddle,* of Columbia City, for respondents.

JACKSON, J.—Relator, Howard S. Grimm, Jr., seeks an alternative writ of mandate and prohibition commanding the respondents, the Noble Circuit Court and Seth Rowdabaugh, special judge of the Noble Circuit Court in pending cause No. 5468, to grant relator's motion for continuance in said cause, and to prohibit respondents from taking further action in said cause during such time other than acting with respect to a motion for new trial, and in addition, to mandate the respondents to expunge from the record all entries incident to an arraignment in said cause.

Relator was charged by indictment returned February 18, 1961, with the criminal offense of contributing to the delinquency of a child. He filed a plea in abatement attacking the legality of the indictment.

Pursuant to the mandate of this Court in the case entitled *State ex rel. Grimm* v. *Noble Circuit Ct.,* (1961), 242 Ind. 152, 177 N. E. 2d 335, a panel was named for the selection of a special judge, and the

respondent, Seth Rowdabaugh, qualified and assumed jurisdiction.

On December 14, 1961, the State of Indiana filed an answer to each of the separate pleading paragraphs of the plea in abatement filed by the defendant (relator here).

The issues raised by the pleadings were submitted upon motion of the defendant-relator to a jury for trial on December 27, 1961. At the conclusion of the evidence of the defendant-relator, the State of Indiana filed written motions for a directed verdict on the several pleading paragraphs of the plea in abatement. Each of the motions for a directed verdict was sustained by the respondent court. Whereupon, the jury returned their verdicts for the State of Indiana on the several pleading paragraphs of the plea in abatement. The respondent court on the verdicts returned adjudged that the action not abate. Arraignment of the defendant-relator was set for January 4, 1962.

On the second day of January, 1962, defendant-relator filed his verified motion for continuance in said cause, alleging, *inter alia*, that he intended to file a motion for a new trial from the adverse verdicts rendered on the paragraphs of his plea in abatement. In order to do so, defendant-relator contended that he needed more time prior to the date set for arraignment, and that further he had a right to secure a ruling thereon prior to being obliged to submit to arraignment.

After the filing of this original action, we issued a temporary writ of prohibition directing the respondents to refrain from taking any further action in pending cause No. 5468, and further to show cause why the writ should not be made permanent.

Respondents duly filed their return in opposition to the writ.

The question presented here for determination is whether the relator is entitled to file a motion for new trial within thirty (30) days after an adverse verdict and judgment on his plea in abatement, and to have a ruling thereon, prior to the relator being arraigned.

The section of the Civil Code [Acts 1881 (Spec. Sess.), ch. 38, §116, p. 240, being §2-1034, Burns' 1946 Replacement] relating to pleas in abatement must be followed since no specific procedure is outlined in our Criminal Code. *Eshelman* v. *State* (1930), 201 Ind. 475, 478, 169 N. E. 861.

Acts 1881 (Spec. Sess.), ch. 38, §116, p. 240, being §2-1034, Burns' 1946 Replacement, provides in part as follows:

> " . . . An answer in abatement must precede, and can not be pleaded with, an answer in bar, and the issue thereon must be tried first and separately. If the issue be found against the answer, the judgment must be that the party plead over, and against him for all costs of the action up to that time."

A judgment against the party answering in abatement is not a final judgment. It is not necessary to file a separate motion for new trial on the plea in abatement in order to preserve any alleged error regarding the ruling thereon. *Brown* v. *Doak Co.* (1922), 192 Ind. 113, 135 N. E. 343.

Rule 2-6 of this Court makes it possible to set out in the motion for new trial, filed at the conclusion of the case, alleged erroneous rulings made throughout the entire proceedings. See Lowe's Rev., Works' Ind. Pract., Vol. 4, §61.26, p. 28.

Thus, in the case at bar, the extraordinary remedy relator seeks to invoke is not appropriate for the relief sought. The motion for new trial and ruling thereon, in instant case, can properly be considered at the conclusion of the trial on the merits.

Therefore, the temporary writ of prohibition heretofore issued is dissolved and a permanent writ is denied.

Arterburn, C. J., Achor, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 183 N. E. 2d 599.