STATE EX REL. THRAPP, PROSECUTING ATTORNEY
*v.* NOBLE CIRCUIT COURT, ROWDABAUGH,
SPECIAL JUDGE.

[No. 30,348. Filed March 28, 1963.]

*Louis G. Ketcham,* of Albion, and *James F. Biddle,* of Columbia City, for relator.

*Seth E. Rowdabaugh, pro se.*

ARTERBURN, J.—This is an original action for a writ of prohibition and mandate to compel the respondent judge to deny a second application for a change of judge made by the defendant, Howard S. Grimm, Jr., in a criminal case in which he is charged with the offense of contributing to the delinquency of a female child. The indictment was returned on February 18, 1961.

This case was before this court in *State ex rel. Grimm* v. *Noble Circuit Ct.* (1961), 242 Ind. 152, 177 N. E. 2d 335, where we issued a writ of prohibition

and mandate, pursuant to which the respondent, the Honorable Seth E. Rowdabaugh, was appointed special judge herein. Again, in a case similarly entitled (1962), 243 Ind. 123, 183 N. E. 2d 599, the proceedings in this case were before this court with the relator, the defendant below, seeking another writ of mandate and prohibition, which we denied.

After numerous delays the criminal trial was finally set for January 7, 1963. On December 27, 1962, the defendant filed a second application (a previous one having been granted) for a change of judge, alleging the respondent special judge was prejudiced against the defendant. The prosecuting attorney filed an answer and objections to the second application for a change of judge. The respondent judge thereupon refused to rule on said application and certified the record to this court, asking us to appoint a special judge to take jurisdiction of and determine the issues with reference to the second application for a change of judge. This does not involve a case where a judge has disqualified himself on his own motion because of personal prejudice.

In this case we issued a temporary writ of prohibition, prohibiting the respondent judge from disqualifying himself under Rule 1-12 (11) and from certifying the issue raised by this second application by the defendant for a change of judge to this court. We directed that the respondent judge reassume jurisdiction and rule on the second application for a change of judge pusuant to the rules of this court. The defendant in the criminal case claims a right to a second change of judge.

The case of *State ex rel. Fox, etc.* v. *LaPorte Cir. Ct. et al.* (1956), 236 Ind. 69, 138 N. E. 2d 875 is controlling here. There we held the defendant is not en-

titled to a second change from the judge. This is supported by statute. Burns' §9-1318. Respondent cites the case of *State ex rel. Gannon etc.* v. *Porter Cir. Ct. et al.* (1959), 239 Ind. 637, 159 N. E. 2d 713, which is distinguishable. In that case the defendant was granted a second change of venue from the county when the prosecuting attorney made no objections thereto and, in fact, agreed to the change under circumstances which would have constituted a confession of error had the second change of venue been denied.

No compelling reasons have been stated which require the granting of a second change of judge in contravention of the statute. We have been cited no authority why the writ in this case should not be made permanent.

For the reasons stated, the temporary writ is now made permanent.

Myers, Landis and Achor, JJ., concur.

Jackson, C. J., dissents with opinion.

### CONCURRING AND DISSENTING OPINION

JACKSON, C. J.—This is an original action instituted to prohibit the respondent court and judge from certifying this cause to the Supreme Court and to mandate the respondent to rule on the defendant's second application for change of venue from the judge.

I concur in that part of the majority opinion holding that the respondent judge could not disqualify himself under the provisions of Rule 1-12(11), as it is obvious he does not come within the purview of that section of the Rule.

I dissent from the remainder of the opinion for the following reasons:

1. The judge may, with perfect propriety, and in many instances should, disqualify himself on account of bias, prejudice, personal knowledge, or for other good reasons, under the provisions of Rule 1-12(3); and if he, in good conscience, sees fit so to do, then this court can not compel him to sit in the case, and certainly cannot compel him to rule, as he possesses the discretionary power to disqualify himself.

2. The other questions raised and determined in the majority opinion are not before the court in this action, hence cannot be properly determined in this action and are at best but dicta.

NOTE.—Reported in 188 N. E. 2d 913.