STATE EX REL. NEAL ET AL. *v.* HAMILTON CIRCUIT COURT, ROBERT S. WEBB, SPECIAL JUDGE.

[No. 767S56. Filed November 14, 1967.]

*Symmes, Fleming, Ober and Symmes,* of Indianapolis, and *Christian, Waltz, White and Klotz,* of Noblesville, for relators.

Hamilton Circuit Court, *Robert S. Webb,* Special Judge, *pro se.*

ARTERBURN, J.—On July 19, 1965, the Honorable Edward New, Jr., Judge of the Hamilton Circuit Court, filed a cita-

tion for indirect criminal contempt against the relators, Jim Neal and the Noblesville Daily Ledger. The citation charged the newspaper, under the by-line of Jim Neal, of printing a "disdainful, despicable, scurrilous and contemptuous article about this court. . . ." Thereafter, the regular judge submitted names for the selection of a special judge. The special judge having failed to act, a panel was submitted for the parties to strike, and thereupon the Honorable Robert S. Webb was selected as special judge of the Hamilton Circuit Court in the contempt proceeding. Thereafter, the relators herein filed a verified motion for change of judge, with supporting affidavits attached thereto, stating among other things that the special judge had stated: "that Jim Neal had been asking for it and he got what he deserved by being held in contempt." It is further pointed out that this allegation was not denied by the verified return filed in this cause.

The special judge overruled the motion for change of judge and the relators came to this Court seeking a writ of mandate to compel a change to be made. We issued an alternative writ. The respondents take the position that Burns' Ind. Stat. Anno. § 3-911 is applicable. This statute provides for the appointment of a special judge in such proceedings and then states: "The Court shall thereupon appoint such person who shall remain unchallenged to preside in said cause as special judge." [Acts 1931, Ch. 26, § 1, p. 62]. In this connection is cited *Allison* v. *State ex rel. Allison* (1963), 243 Ind. 489, 187 N. E. 2d 565, in which this statute was interpreted to the effect that a party was not entitled to a routine change of venue upon application thereafter. That case may be distinguished from the present case easily since in the *Allison* case no affidavit was filed presenting *prima facie* prejudice nor a counter affidavit filed making any issue thereon which might be the subject of an appeal. Here the facts are undisputed and in our opinion there can be no discretion when uncontradicted prejudice is shown. We have said:

". . . we observe that no party should be compelled to have his cause heard before a prejudiced judge. There has been some criticism of the liberal rules in Indiana with reference to change of judges. There is to be said on the other side, that it is better that a person have a change of judge and feel that he is being tried before a fair and impartial tribunal than to have him feel he is being forced to be tried before one who is prejudiced. *Fairness and impartiality of a tribunal is one of the basic and essential requirements of justice, and no matter how nice, refined or perfect rules of procedure may be, they avail one little, if any justice, when the tribunal is partial and prejudiced. For that reason, although the statutes or the rules of this court in some cases may not provide for a change of judge, we have held that where the showing is plain that unfairness and prejudice exist and are likely to control the result, this court will step in to see that such is eliminated by a proper change.*" (Our italics) *State ex rel. Anderson-Madison etc.* v. *Superior Ct.* (1964), 245 Ind. 371, 386, 199 N. E. 2d 88, 95.

In *State ex rel. Parker* v. *Vosloh, Judge,* (1944), 222 Ind. 518, 54 N. E. 2d 650, we held that although the law would normally deny a right to a change of judge in the administration of an estate, still where the interest of the judge was uncontradicted, this Court would offer relief. Judge Fansler stated in *State ex rel. Parker* v. *Vosloh, Judge, supra,* at p. 520:

"It is not competent for the legislature, even, without the aid of some constitutional provision, to permit a judge who is interested to sit at the trial of a cause, and a statute authorizing him to do so is unconstitutional and void as a denial of due process of law." See also: *State ex rel. Mosshammer* v. *Allen Superior Court* (1965), 246 Ind. 366, 206 N. E. 2d 139; *State ex rel. Latham* v. *Spencer Circuit Ct.* (1963), 244 Ind. 552, 194 N. E. 2d 606; *State ex rel. Grim* v. *Noble Circuit Ct.* (1961), 242 Ind. 152, 177 N. E. 2d 335.

It therefore appears to us, where an applicant has established an undisputed case of prejudice and there is no denial thereof, that justice entitles such litigant to a change of judge, regardless of a statute or rule. If there had been a denial or a conflict or facts as to the alleged

prejudice made by a counter-affidavit, then it would raise an issue for the use of discretion in the trial court, and such matter could be resolved on appeal. In the case before us there is no area for the use of discretion left, since there is no conflict as to the facts alleged. The law appears to us to give the relator under the circumstances of this case the right to a change of judge from one who has expressed an opinion regarding the merits of the controversy before him.

The alternative writ heretofore issued is made permanent and absolute.

Hunter, C. J. and Jackson, Lewis and Mote, JJ., concur.

NOTE.—Reported in 230 N. E. 2d 775.