## POLLARD *v.* STATE OF INDIANA.

[No. 868S134. Filed September 24, 1969. Rehearing denied October 20, 1969.]

*William C. Erbecker, James Manahan, Erbecker & Mana-han,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Richard V. Bennett,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant was charged with conspiracy to commit second degree burglary to which he entered a plea of not guilty. The cause was tried before the court over the objection of appellant and he was found guilty as charged.

On appeal appellant assigns as error the trial court's overruling of his motion for new trial. In such motion for new trial appellant alleges error on the part of the trial court in pertinent part as follows:

"1. Irregularity in the proceedings of the Court and orders of the Court and abuse of discretions by which said defendant was prevented from having a fair and impartial trial in this, to wit:

    (a) The Court erred in overruling and denying the defendant's Verified Motion For Change of Venue From Judge.

    (b) The Court erred in overruling the defendant's Motion to Reconsider its ruling denying the Motion for Change of Venue from Judge

    (c) The Court erred in overruling and denying the defendant's Objections to Trial.

2. The finding of the Court is not sustained by sufficient evidence.

3. The finding of the Court is contrary to law."

The first error alleged by appellant in his motion for new trial is the sole point argued in this appeal and resulted from the court's refusal to grant appellant's verified motion for change of venue from judge. Appellant attacks the propriety of the court's refusal to grant a change of venue as well as its jurisdiction once such a motion has been filed.

Appellant fails to argue points two and three raised in his motion for new trial and they are therefore deemed waived. Supreme Court Rule 2-17. *Brown v. State* (1969), 252 Ind. 161, 247 N. E. 2d 76; *Short v. State* (1968), 250 Ind. 459, 237 N. E. 2d 258; *Waggoner v. State* (1949), 227 Ind. 269, 85 N. E. 2d 642.

A brief review of the proceedings in this case follows: On September 5, 1966, appellant and one Joseph Smith were arrested on the roof of a drug store where a hole had been cut through the roof and ceiling to the store below. An indictment, filed December 29, 1966, charged appellant with conspiracy to commit a felony, to-wit: second degree burglary. Appellant entered a plea of not guilty to the charge and on January 12, 1967, he filed a petition for a change of judge which was granted. The parties were given five (5) days to agree on a special judge, but failing to do so the court then presented a panel of three from which the Honorable Jacob S. Miller was selected by striking. Judge Miller qualified as special judge on February 3, 1967.

On April 5, 1967, the day set for trial, appellant filed for a continuance on the grounds that appellant's defense attorney, William Erbecker, due to a heavy work schedule was unable to make the necessary defense preparations. The continuance was granted and the cause set for May 25, 1967. On May 19, 1967, appellant moved for trial by jury which motion was granted. The court, on August 29, 1967, by its own motion continued the cause to September 20, 1967.

Appellant filed another motion for continuance on September 19, 1967, which motion was based on defense attorney William Erbecker's statement that he had been unable to completely and effectively consult with the appellant and his co-defendant to ascertain their complete defense and that the trial date of September 20, conflicted with a scheduled appearance in the United States District Court, Southern District of Indiana, Indianapolis, Indiana. The continuance was granted and the cause set for trial on November 13, 1967. Also on September 20, 1967, appellant again moved for trial by jury, which motion was granted.

On November 10, 1967, appellant filed for another continuance, the reason for such motion being that appellant's attorney, Erbecker, could not appear because of pending liti-

gation in the Henry Circuit Court. Appellant's move for continuance was granted on November 13, 1967. It was also on this date that the court found appellant's bond insufficient and raised it in the sum of Five Thousand ($5,000) Dollars.

A verified motion for change of venue from judge was filed on January 17, 1968, by the appellant. The substance of the motion was that the appellant believed he could not have a fair and impartial trial because of the bias, prejudice and hostility of the special judge, Judge Miller, toward appellant's attorney, William Erbecker. The motion further alleged that such bias, prejudice and hostility resulted from appellant's motion for continuance of November 10, 1967. The motion proceeds to read as follows:

"5. That defendant-affiant was present in Court on Monday, November 13, 1967 at approximately 9:20 o'clock A.M. thereof, together with R. Martin Worrell, Attorney-at-Law, an office associate of Defense Counsel, William C. Erbecker, whereupon the Honorable Jacob Miller, as Special Judge in said cause, arbitrarily, without cause or justification, increased said bond from Twenty Five Hundred Dollars ($2500.00) to Seventy Five Hundred Dollars ($7500.00) and remanded defendant to the custody of the Sheriff of Marion County until such increased bond of Seventy Five Hundred Dollars ($7500.00) was duly made and provided; that the said Honorable Jacob S. Miller, by his conduct and by his conversation, displayed and evidenced great displeasure and annoyance at defendant's Counsel, William C. Erbecker, who was necessarily absent because of the aforesaid Jury trial in the Henry Circuit Court, and despite repeated urgent pleas by defendant-affiant and by said R. Martin Worrell, Attorney, and despite no objection by the Deputy Prosecutor handling said cause, David Millen, the said Honorable Jacob S. Miller, did berate and denounce the said William C. Erbecker because of his (Erbecker's) alleged failure to notify the said Jacob S. Miller of the requested continuance despite the fact that attaches of the Marion Criminal Court, Division 2, and the said David Millen, Deputy Prosecutor, were notified of said Erbecker's participation in a First Degree Murder Jury trial in the Henry Circuit Court and of Er-

becker's Verified Motion For Continuance which had also been signed by this defendant-petitioner herein.

6. That by reason of the aforesaid displayed, pronounced and evidenced hostility, bias and prejudice toward defendant's Attorney William C. Erbecker, and toward the defendant also, by the said Honorable Jacob S. Miller, Special Judge of the Marion Criminal Court, Division 2 in this cause, and despite the urgent appeals of defendant and the said R. Martin Worrell, the Court continued the denunciation and castigation of said William C. Erbecker and arbitrarily increased said bond to the financial detriment of this defendant-affiant; that by reason of the aforesaid, defendant-affiant verily believes that he cannot have a fair and impartial trial before the Honorable Jacob S. Miller, Special Judge trying this cause, and your defendant-affiant makes this Motion For Change of Judge at the earliest possible time after consultation with his Attorney, William C. Erbecker, who had been previously engaged in other litigation as aforesaid."

The court on January 19, 1968, overruled defendant's motion for change of venue. Subsequently, appellant filed a motion to reconsider. In support of the motion to reconsider was an affidavit which reads as follows:

"I, R. Martin Worrell, an associate of William C. Erbecker, have just finished reading the above Verefied (sic) Motion and concur and agree with each and every sentence and paragraph contained therein. To me it appears that the Honorable Jacob Miller was somewhat chagrined (sic) and displeased with Mr. William C. Erbecker because he, Erbecker did not inform him, the Hon. Jacob Miller of his desire for a continuance sooner, so that the Honorable Jacob Miller could arrange his Calender (sic) of pending cases and for this, and perhaps other reasons would not be able to render a just decision and or finding in behalf of William C. Erbecker's client, namely Billie Pollard."

The motion to reconsider was overruled on January 29, 1968, the date set for trial and on the same day appellant moved for another continuance, appellant's counsel being engaged in other litigation. Such motion was granted and trial was set for March 30, 1968. On March 19, 1968, appel-

lant filed an objection to trial. Appellant was subsequently tried and convicted as charged.

In determining the propriety of the special judge's refusal to grant a second change of venue, we turn first to the applicable statute, Ind. Ann. Stat. § 9-1305 (1956 Repl.) which reads in pertinent part as follows:

". . . Provided, however, That only one [1] change of venue from the judge and only one [1] change from the county shall be granted."

The same language is incorporated in Supreme Court Rule 1-12C.

As has been noted, appellant had already been granted one change of venue from the judge, and in this appeal is challenging the trial court's denial of a second request.

This court early upheld the policy of allowing one change of venue for the same cause. In *Line v. State* (1875), 51 Ind. 172, 173, it was said:

"The affidavit, [for a change of venue] we think fulfills the requisites of the statute; but the question arises, is the appellant entitled to two changes of venue in the same case for the same cause? We think not. The statute nowhere authorizes a second change of venue to the same party for the same cause. The court had no more power to grant a second change than it would have to grant a third, fourth or fifth, or any number of changes. The ends of justice demand this construction of the statute; otherwise it would be in the power of the defendant, charged with a criminal offense, to defeat a trial entirely."

*Duggins v. State* (1879), 66 Ind. 350. *Woodsmall v. State* (1914), 181 Ind. 613, 105 N. E. 155.

A thorough discussion of this proposition appears in *State ex rel. Fox, etc. v. LaPorte Cir. Ct. et al.* (1956), 236 Ind. 69, 138 N. E. 2d 875, where the court was concerned with

a second change of venue from the county. After establishing that the right to a change of venue is statutory and consequently must be governed by the provisions and prohibitions of the statute, the court asserts the proposition that where the statute limits the number of changes of venue which a defendant may have in a criminal case, it is mandatory and must be followed. The court concludes, after a discussion of the constitutional aspects of the question, that neither the trial court nor this court has any right to ignore the plain mandate of a constitutional statute.

In a concurring opinion in the *Fox* case, Chief Justice Achor further analyzed the question by reasoning that the Constitution of Indiana clearly, fully and finally declared the law on the subject of venue as it existed on that date in Article 1, § 13, which provides as follows:

> "In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; . . ."

Such a constitutional mandate completely covered the field as to the venue of criminal actions. Judge Achor further reasoned that the present right to a change of venue (from the county) exists solely by virtue of statutes subsequently enacted, unless such right exists by reason of provisions found in the constitutions of the State of Indiana or the United States. Since the right to a second change of venue does not exist by virtue of the statute, it must arise, if at all, from a provision in our state constitution or that of the United States made applicable by the 14th Amendment due process clause. In view of the constitutional declaration that the defendant shall have the right to a public trial by an *impartial jury*, Judge Achor indicates a possible exception to the statute which decrees only one change of venue, such exception being grounded on the constitution.

This line of reasoning was adopted by the court in *State ex rel. Gannon, etc. v. Porter Cir. Ct. et. al.* (1959), 239 Ind. 637, 159 N. E. 2d 713, where the affidavit for change of venue asserted that "it would be impossible for the defendant to have this case heard by a jury . . . and have the case decided solely upon the evidence presented in court." This court held that such a statement was tantamount to an allegation that it would be impossible to obtain an *impartial jury* and that since the state *agreed* that such was the case, his constitutional right should contravene the statute:

> "When all the parties, including the State, agree and the court finds that it will be impossible to procure an impartial jury to fairly try a cause in the county of present venue, and when under such circumstances a verdict of guilty, if returned, could not be sustained on appeal because of the admission of error on the part of the state, it would be nonsensical for the law to say to the parties and the court, nevertheless you cannot transfer the trial to another county to avoid such error. Faced by such a predicament it becomes the duty of the judiciary to provide to every accused a public trial by an impartial jury, even though to do so the court must grant a second change of venue and thus contravene the general legislative policy of granting only one change of venue from the county." *State v. Porter Cir. Ct., supra*, p. 715.

*Gannon* involved a second change of venue from the county, as opposed to a second change of venue from the judge. However, it would seem to this court that such a line of reasoning is just as applicable to a second change of venue from the judge where the judge is to act as the trier of the facts, thus supplanting the jury, and where the requested change is grounded on the assertion that a failure to grant a change of venue will result in an unfair trial to the accused. Certainly this is the essence of a guarantee that the defendant be tried by an impartial jury i.e. a fair trial devoid of bias or prejudice on the part of those whose responsibility it is to try the facts. It would

seem that trial by an impartial judge, where he is the trier of the facts, is just as much a constitutional right as the right to an impartial jury.

In the case of *State ex rel. Thrapp, etc. v. Noble Cir. Ct. et al.* (1963), 243 Ind. 567, 188 N. E. 2d 913, which involved an original action for writ of prohibition and mandate to compel the respondent judge to deny a second application for a change of judge, this court relied on *State ex rel. Fox, etc. v. Laporte Cir. Ct. et al., supra,* in making the writ permanent. However, the court failed to preclude itself from following the reasoning in *Gannon* at a future date, as evidenced by the statement:

> "No compelling reasons have been stated which require the granting of a second change of judge in contravention of the statute." *State v. Noble Cir. Ct., supra,* p. 914.

In light of the court's reference to the *Gannon* case, we can only conclude that one such compelling reason would be an undisputed allegation of bias or prejudice on the part of the trier of the facts.

The most recent case to shed any light on the present state of the law, which case is principally relied on by appellant in this appeal is that of *State ex rel Neal et al v. Hamilton Cir. Ct. et al.* (1967), 248 Ind. 130, 230 N. E. 2d 775. This case involved contempt proceedings under Ind. Ann. Stat. § 3-911 (1968 Repl.) which statute provides for the appointment of a special judge and then states: "The court shall thereupon appoint such person *who shall remain unchallenged* to preside in said cause as special judge." (our emphasis). Supporting the view that a change of venue in such an instance would not be proper is the case of *Allison v. State, ex. rel. Allison* (1963), 243 Ind. 489, 187 N. E. 2d 565, which held that the wording of the statute was plain and indeed a change of venue should not be allowed. However, when faced with the application of the same statute in *Neal,* this court per Judge Arterburn held that where an

undisputed case of prejudice was alleged a change of venue would be proper notwithstanding the statute:

> "It therefore appears to us, where an applicant has established an undisputed case of prejudice and there is no denial thereof, that justice entitles such litigant to a change of judge, regardless of a statute or rule. If there had been a denial or a conflict of facts as to the alleged prejudice made by a counter-affidavit, then it would raise an issue for the use of discretion in the trial court, and such matter could be resolved on appeal. In the case before us there is no area for the use of discretion left, since there is no conflict as to the facts alleged. The law appears to us to give the relator under the circumstances of this case the right to a change of judge from one who has expressed an opinion regarding the merits of the controversy before him." *State v. Hamilton Cir. Ct., supra,* p. 776.

It would appear that the situation presented by *Neal* and a case involving a second change of venue from judge are analagous in that a statute, in both instances, clearly dictates that a change of venue shall not be granted. However, in *Neal* as in *Gannon,* the court found an overriding policy upon which to base an exception to the statute to-wit: an undisputed allegation that the accused will not have a fair and impartial trial as guaranteed by the constitution unless such change of venue be allowed.

Turning to the case at bar, we note that the special judge selected to preside over appellant's trial had expressed some displeasure over appellant's counsel's apparent lack of consideration in informing the judge of a requested continuance. On the same day the judge raised appellant's bail.

Appellant alleges in his affidavit for change of venue that such words and act evidence bias, prejudice and hostility and that appellant will be unable to have a fair trial. The state failed to dispute this allegation.

In applying the law as we have heretofore analyzed it, having recognized those instances where a second change of

venue would be proper, it would appear to this court that the special judge properly denied appellant's second motion for change from judge. As we have noted, we are dealing with an exception to a statutory mandate and such exception, although well grounded on the constitutional right to a fair and impartial trial, should be narrowly applied. Looking back to Neal, we note that the court there stipulated, as quoted above, that the right to a change of judge is predicated on that judge having expressed an opinion regarding *the merits of the controversy* before him. In Neal, the judge was quoted as saying: "that Jim Neal had been asking for it and he got what he deserved by being held in contempt".

Certainly this is a far cry from what was said and done in the case at bar. We are not inclined to hold that where a judge makes a statement evidencing a justifiable annoyance at counsel's lack of consideration, he should be disqualified for bias or prejudice. Nor would we hold that the raising of appellant's bail, by itself, evidences bias. We take judicial notice of the fact that this cause had been pending for some eleven months, due primarily to the continuances requested by appellant's counsel. Also Smith, the person arrested with appellant at the scene of the crime, had already since failed to appear and had forfeited his bond. It seems reasonable for the trial judge to find under the circumstances that appellant's bail was insufficient and to raise it accordingly.

Appellant does not attack the trial court's discretion in this regard but argues only that such increase violated this state's constitutional prohibition of excessive bail. The object of bail prior to a trial is to insure the presence of the accused. *Hobbs v. Lindsey* (1959), 240 Ind. 74, 162 N. E. 2d 85. *Green v. Petit* (1944), 222 Ind. 467, 54 N. E. 2d 281. Factors to be considered in setting bail are the nature of the offense and the penalty attaching, like-

lihood of the accused appearing at trial, and the accused's financial position. *Hobbs v. Lindsey, supra.* Appellant fails to relate these considerations to his allegation that the bail was excessive and without such a showing, there is no basis upon which we can disturb the trial court's determination.

Having found no basis to appellant's charge of bias and prejudice on the part of the special judge appointed to hear this case, we hold that the trial court did not err in overruling appellant's second motion for change of venue or the subsequent motions relating thereto. Therefore judgment should be affirmed.

Judgment affirmed.

DeBruler, C. J., Arterburn and Givan, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 250 N. E. 2d 748.