Donald E. **ANDERSON**,
Defendant-Appellant,

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 3–878A199.

Court of Appeals of Indiana,
Third District.

Aug. 23, 1979.

Rehearing Denied Nov. 15, 1979.

Thomas G. Pawloski, Michigan City, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Appellant Donald E. Anderson was convicted of forgery (IC 35–1–124–1) and was sentenced to two to fourteen years imprisonment.

On appeal, Anderson contends that the trial court erred in denying his motion for discharge under Indiana Rules of Procedure, Criminal Rule 4(A)[1] and urges this court to order his discharge. Anderson was charged by information on July

---

1. "(A) Defendant in jail. No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later); except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance not later than ten (10) days prior to the date set for trial, or if such motion is filed less than ten (10) days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor. Any defendant so detained shall be released on his own recognizance at the conclusion of the six month period aforesaid and may be held to

16, 1977, arrested on July 18[2] and was tried on March 27, 1978. During this period Anderson was held in jail pending trial as he was unable to secure funds to post bail. On February 17, 1978, the motion for discharge was filed. Anderson asserts that since he had not been brought to trial within six months after the charge was filed, he was entitled to discharge. Initially, we note that the date which begins the running of the six month period is the date the charge was filed *or* the date the defendant was arrested, whichever is later. Thus the six month period began to run July 18 not July 16 as both parties assume. In addition, Anderson is not entitled to a discharge under CR 4(A). The rule requires only that the defendant be released on his own recognizance. He is still subject to prosecution on the charge within the one year limitation of CR 4(C). *Collins v. State* (1977), Ind., 364 N.E.2d 750; *Lewis v. State* (1976), 264 Ind. 288, 342 N.E.2d 859; *Carpenter v. State* (1978), Ind.App., 378 N.E.2d 908.

■ Anderson next contends that the trial court erred in admitting the testimony of a witness whose name did not appear on the information or the list of witnesses. The state had not supplied Anderson with a list of witnesses as requested. Instead, the state delivered its complete case file. The file contained the name and address of the witness. At trial, Anderson was offered a continuance to depose the witness, which he refused. Anderson maintains that the trial court was required to exclude the testimony.

"... Indiana case law is clear that: (1) in the absence of a paramount interest in nondisclosure, the identity of the state's witnesses should be disclosed; (2) if the State fails to disclose its witnesses, the proper remedy—but not sole remedy—is a continuance; (3) if a defendant fails to move for a continuance, he will usually have waived any error, except where the State has blatantly and deliberately disregarded the court's order." *Butler v. State* (1978), Ind.App., 372 N.E.2d 190, 194.

*See also Gregory v. State* (1972), 259 Ind. 295, 286 N.E.2d 666; *Johns v. State* (1968), 251 Ind. 172, 240 N.E.2d 60; *Dorsey v. State* (1976), Ind.App., 357 N.E.2d 280.

Anderson has not shown any deliberate attempt by the state to thwart discovery or to mislead him. The state delivered to Anderson more information than was requested. The identity of the witness was not a total surprise to Anderson. He admitted that he was furnished the name along with the statement she had made to the police. In this situation, the court is not required to prevent the witness from testifying. Anderson's remedy was to ask for a continuance when the witness was called.

■ Anderson's final contention of error is that the trial court abused its discretion in fixing the amount of his appeal bond at $50,000.

There is no constitutional right to bail pending appeal. In Indiana the right is purely statutory. *Critchlow v. State* (1976), Ind., 346 N.E.2d 591; *Scruggs v. State* (1974), 161 Ind.App. 672, 317 N.E.2d 800; *In re Pisello* (1973), 155 Ind.App. 484, 293 N.E.2d 228.

IC 35–4–6–4 provides in pertinent part:

"The court in which such petition to be admitted to bail is filed shall fix such bail, in such reasonable amount, considering the nature of the offense and the penalty adjudged, as will insure the compliance by the defendant with the terms of such bond, and shall make an order accordingly."

■ The amount of bond that is reasonable is that which will insure that the defendant will faithfully perfect and prosecute his appeal, abide by the order and judgment of the court to which such cause is appealed, and will surrender himself in

answer a criminal charge against him within the limitations provided for in subsection (C) of this rule.

2. There is some confusion in the record as to the date Anderson was arrested. The warrant states that it was served on July 18, 1977. The officer who served it and Anderson recall the date as July 19, 1977. The earlier date is used.

execution of the judgment. IC 35–4–6–3. In determining the amount which will fulfill this purpose, the court may consider the nature of the offense and the measure of the punishment imposed. Since the defendant has been convicted of the crime charged, it is reasonable to presume that the probability of ultimate punishment is sufficiently enhanced that the defendant is more likely to attempt to escape. Similarly, the greater the offense and punishment imposed, the greater appears the likelihood that the defendant will attempt to flee. The trial court should, of course, consider any other factor having a direct bearing on assuring compliance with the conditions of the bond. These factors include the trustworthiness of the defendant, his ties to the community, employment, financial resources, length of residence in the community, and any evidence of a threat of flight. *Pollard v. State* (1969), 252 Ind. 513, 250 N.E.2d 748; *Hobbs v. Lindsey* (1959), 240 Ind. 74, 162 N.E.2d 85; *Green v. Petit* (1944), 222 Ind. 467, 54 N.E.2d 281.

In the instant case, Anderson was sentenced to two (2) to fourteen (14) years imprisonment for forgery. The trial court recommended that he be considered as having been sentenced under the new code with a maximum eight year term in determining his release date. Anderson has an extensive criminal record for forgery and was on parole for forgery at the time he committed the offenses charged.

■ Anderson has no family living in the community, is unemployed and has not lived in the community for any substantial length of time. Although Anderson was indigent and unable to procure bail in the required amount, this in and of itself does not make the amount set unreasonable. 8 Am.Jur.2d, *Bail and Recognizance* § 75. Under these circumstances we cannot say as a matter of law that the court abused its discretion in determining that bail of $50,-000 was proper to insure Anderson's compliance with the conditions of his bond.

Affirmed.

HOFFMAN, J., concurs.

STATON, J., dissents and files separate opinion.

STATON, Judge, dissenting.

I dissent from the majority opinion for two reasons. First, the attempt of the trial court to extend Anderson's time in prison by recommending that the prison authorities apply the new criminal code is improper because it may result in cruel and unusual punishment for Anderson. Secondly, the majority opinion has treated the conditions of an appeal bond as though they were the same as those for a bail bond. They are not. Furthermore, the record clearly reflects that the appeal bond is excessive and should be reduced.

Anderson had been charged and convicted of forgery (IC 35–1–124–1). He had given Mary Evans and Eastside Liquors a check for $152.27. He was sentenced under the former statute to two to fourteen years. He could not be sentenced or punished under the new criminal code that became effective last October, 1978. At the time of his sentencing, the trial court made the following remarks and the following recommendations:

"You have spent virtually your entire adult life in institutions and, as we figure it, you have only spent about five years in your entire adult life outside the walls. So this is not an ordinary case. Why a habitual was not filed I don't know, but it wasn't. Now, the way the releases have been going of recent months or years it would appear that with the time you have spent already in jail, and the minimum that they are giving, that under the old code which you are sentenced under you would be already just about eligible for release immediately upon arrival. Because, as I understand it, they are taking the minimum—in this case it's two years—and not the maximum of 14 years. But there is some flexibility I guess, and I am going to recommend that you be considered as—even though legally you are being sentenced under the old code—I am going to ask that the parole board

consider you as having been sentenced under the new code, in which case that would have been a Class C felony, and that carries a normal sentence of determinate five years to which may be added three or deducted two. So I am going to ask them to consider as if you had received the maximum of eight years and adjust your parole release accordingly. It appears that the number of times you have been in prison haven't done you any good. The sheriff is charged with the execution."

Even though the trial court acknowledged that it was sentencing Anderson under the "old code", the possibility that the prison authorities may follow its recommendation is a very real possibility. The recommendation is improper and should be stricken from the record; furthermore, the prison authorities should be advised by the trial court to disregard its recommendation.

Anderson's bail bond was $10,000.00 before and after trial. There is nothing in the record which would indicate that a greater amount of bond was necessary for Anderson's appearance at trial. To the contrary, the trial court reduced Anderson's bond from $15,000.00 to $10,000.00 upon a petition to reduce bond. Yet, Anderson's appeal bond was increased five times his bail bond to $50,000.00. There is nothing in the record which would indicate the reason for the refusal of the trial court to reduce the amount of the appeal bond. In addition to the appearance of the defendant before the appropriate court if the appeal is dismissed, affirmed, or reversed, these conditions should be considered by the trial court when setting an appeal bond:

1) that the defendant will in all respects faithfully prosecute his appeal;

2) that he will "abide" by the order and judgment of the Indiana Court of Appeals (or the Indiana Supreme Court);

3) that he will perfect his appeal within a reasonable time if he has not already done so before requesting bond.

IC 1971, 35–4–6–3, Ind.Ann.Stat. § 9–2314 (Burns Code Ed.).

There is nothing in the record which would justify the tremendous increase from $10,000.00 to $50,000.00 in bond. Therefore, on the face of the record, the trial court has abused its discretion by demanding an excessive appeal bond. Anderson has a right to a reasonable appeal bond. This right has been denied him.

Except for the recommendation of the trial court, the reversal and remand of this appeal would accomplish little, since Anderson has served his minimum time under the two to fourteen year sentence and his appeal has been decided on the merits; however, I would remand this cause to the trial court to correct the harm that may be done by its recommendation to the prison authorities.